ℐℭ

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

FEB 09 2026 JXM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MARISSA GIRARD and
KENTON GIRARD,

      Plaintiffs,

      v.

KAREN V. PAIGE ESQ,
MATTHEW D. ELSTER ESQ,
CANDACE L. MEYERS ESQ,
MICHAEL D. SEVIN ESQ,
BEERMANN LLP,
JANE F. GIRARD,
REGINA A. SCANNICCHIO and
JUDGE WILLIAM YU,

      Defendants.

Civil No.    1:26-cv-_____

District Judge _____

**1:26-cv-01443**
**Judge Jeffrey I Cummings**
**Magistrate Jeffrey T. Gilbert**
**RANDOM/Cat. 2**

Plaintiffs Marissa Girard and Kenton Girard, both in pro se, for their Complaint brought against Defendants Karen V. Paige Esq, Matthew D. Elster Esq, Candace L. Meyers Esq, Michael D. Sevin Esq, BEERMANN LLP, Jane F. Girard, Regina A. Scannicchio and Judge William Yu **hereby request a trial by jury** pursuant to FRCP 38(b) and allege as follows:

## BACKGROUND STATEMENT

1.    In January 2025, Presiding Judge of the Cook County Domestic Relations Division Regina A. Scannicchio appointed Domestic Relations Judge William Yu to preside over the post-decree custody proceedings under *IRMO Girard*, Cook County Case No. 2015-D-009633 (herein, "Custody Proceedings"). However, that appointment was dubious from the beginning, wherein there were missing prior judicial transfer orders between Calendars 1 and 51, which to this date have not been located much less filed on the docket. In the intervening months, Judge Yu has proven himself to be at best intellectually incapable of honoring federal law and at worst an

1                                                           *Girard v. Paige et al.*

enemy of the Constitution, like so many other judges underneath Regina Scannicchio in the Domestic Relations Division.

2. Among other shocking behaviors, Judge Yu has denied a voice to the minor children who have been stripped of a Child Representative since August 2024. Being that the minor children are sexual assault victims of their biological mother Jane F. Girard, as identified by Prosecutor Mary Stein pursuant to multiple DCFS investigations in 2023, their constitutional and statutory rights under the Illinois Crime Victims Bill of Rights to notice and participation in court dates has been wholly disregarded by Judge Yu.

3. Further, Plaintiff Marissa Girard who is an original defendant under the Custody Proceedings, is a disabled Hispanic/Latinx person suffering from PTSD and interstitial cystitis – both recognized disabilities under the ambit of the Americans with Disabilities Act ("ADA") – has been improperly joined from both procedural and substantial points of view. She was never actioned with a pleading, and she has no proper place in custody proceedings wherein she is neither the biological parent nor the holder of parental rights.

4. Marissa's forced participation under the Custody Proceeding facially constitutes harassment, and not only has Judge Yu turned a blind eye to such injustice but he has approved recent requests to have Plaintiffs **criminally tried** with lengthy incarceration on the line, in outrageous violation of Plaintiffs' Sixth Amendment rights. And accused child sex abuser Jane F. Girard being allowed **to seek a judicial order of custody of her child sex abuse victims** all the while is the capstone of Judge Yu's illicit legacy over the Custody Proceedings.

5. Indeed, Judge Yu has abrogated the constitutional rights of the Plaintiffs as well as the minor children under the Custody Proceedings to such a degree that he is now defending two separate pending federal lawsuits in the Northern District of Illinois. The first suit is *Girard v.*

*Fernandez et al.*, Civil No. 1:25-cv-00136, N. Dist. Illinois which is currently pending before District Judge Andrea Wood and the second suit is *Minor Child Gw et al. v. Scannicchio et al.*, Civil No. 1:25-cv-04551, N. Dist. Illinois which is currently pending before District Judge Sara Ellis. His bid for judicial immunity has thus far fallen on deaf ears in those suits. In the first suit, Marissa Girard raises the systemic but latent anti-Hispanic/Latinx racism which is prevalent in the Cook County Domestic Relations Division and violations of her rights to public accommodation under the Civil Rights Act of 1964. Throughout the Custody Proceedings, Regina Scannicchio and Judge Yu have both proven themselves to be animated by impermissible bias against persons of Hispanic/Latinx racial background and Marissa Girard has been victimized by their racism such as wherein Judge Yu has refused to address the issue of her improper joinder and has repudiated her right to reasonable accommodations under the ADA.

6.      The reprehensible history under the Custody Proceedings is a microcosm of the broader pattern of strife BEERMANN LLP monetizes in the Cook County Domestic Relations Division where it has a very friendly audience in the family courts of Cook County. The firm is widely reputed to extend proceedings beyond all sense of reasonability in order to maximize fees and billings – ultimately captured under a final so-called "allocation judgment" which aggregates legal fees and billings at the end of a trial – under the so-called "Beermann Playbook" which is described in more detail under *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882; *see* first amended complaint at Dkt 73.

7.      The greed of BEERMANN LLP in its pursuit of the "Beermann Playbook" under the Custody Proceedings has hit new levels wherein they have apparently lost sight of the soon evaporating authority of the family court to issue the vaunted "allocation judgment": the minor children thereunder attain majority age in a mere six days from the date of this filing. In parallel,

the Custody Proceedings have run into a significant federal roadblock. Plaintiff Kenton Girard removed the proceedings to federal court on January 5 2026, and before jurisdiction was returned to the state court he appealed the remand order wherein the Seventh Circuit currently has jurisdiction over the Custody Proceedings until such point as it issues its mandate to the Northern District of Illinois.

8.     With no time left on the clock, BEERMANN LLP has instructed its resident federal procedure expert Matthew D. Elster (who is admitted to the bars of several district courts and federal appellate courts, as well as SCOTUS) to proverbially display his credentials in order to goad Judge Yu to resume jurisdiction by operatively declaring that jurisdiction was returned to the state court, which it was not. Judge Yu fell in line and agreed to play ball, signing a trial order for February 4-6 2026.

9.     A bit more than a week later, and based in part on the existential federal question created by Judge Yu's Seventh Circuit jurisdiction offending Trial Order, Plaintiff Marissa Girard removed the Custody Proceedings once again to federal court. BEERMANN LLP turned to Attorney Elster to fall on his sword with Judge Yu once again, but upon information and belief he refused to endorse Judge Yu exercising jurisdiction in violation of the plain language of the federal removal statute which suspends state court jurisdiction until an order of remand is issued. So BEERMANN LLP found another attorney from within its ranks to be the "fall guy" for pushing a knowingly erroneous notion that Judge Yu could declare the Notice of Removal to be a "nullity": Michael D. Sevin, who is not admitted to any federal bar.

10.     Based on the improper urging and goading of Attorney Sevin, as well as that of BEERMANN LLP attorneys Karen V. Paige and Candace L. Meyers and Enrico J. Mirabelli, Judge Yu caved once again to BEERMANN LLP and agreed to declare Marissa's Notice of

4                                                                    *Girard v. Paige et al.*

Removal dated February 3 2026 a "nullity" in order to conduct a sham trial per his previously signed Trial Order dated January 21 2026.

11.    In so doing, Judge Yu has created an emergency situation for the federal court system which must defend its jurisdiction per the pending federal appeal in the Seventh Circuit and the removal perfected by Marissa Girard on February 3 2026. This suit is not precluded by the Domestic Relations Exception, moreover, because pursuant to a notice received from Jane F. Girard on January 5 2026, she voluntarily non-suited all requests for custody-related relief. No domestic relations style relief is currently requested by any party under the Custody Proceedings, wherein division of property and dissolution were perfected a decade prior.

## JURISDICTION AND VENUE

12.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the U.S. Constitution and federal law. This Court also has jurisdiction under 28 U.S.C. §1343(a)(3) to redress deprivations "under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States."

13.    The Court has authority to grant injunctive relief pursuant to 42 U.S.C. § 1983 and the Court's inherent equitable powers.

14.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants work and reside in this district. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

15.    Venue is further proper in this district as to those claims which do not specifically raise federal and constitutional questions under 28 U.S.C. §1367(a).

*Girard v. Paige et al.*

16.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

17.     **Plaintiff Marissa Girard** was improperly joined under the Custody Proceedings and is the current wife of Kenton Girard.

18.     **Plaintiff Kenton Girard** is a party to the Custody Proceedings as father of the minor children at issue, and is a long-time resident of Glencoe.

19.     **Defendant Karen V. Paige Esq** is a member of Jane's legal team at BEERMANN LLP. She is being sued in her personal capacity.

20.     **Defendant Matthew D. Elster Esq** is a senior partner at BEERMANN LLP who is also a part of Jane's legal team. He is being sued in his personal capacity.

21.     **Defendant Candace L. Meyers Esq** is a member of Jane's legal team at BEERMANN LLP. She is being sued in her personal capacity.

22.     **Defendant Michael D. Sevin Esq** is a member of Jane's legal team at BEERMANN LLP. He is being sued in his personal capacity.

23.     **Defendant BEERMANN LLP** is the Chicago-based family law firm representing Jane F. Girard under the Custody Proceedings.

24.     **Defendant Jane F. Girard** is the ex-wife of Plaintiff Kenton Girard and the biological mother of the minor children at issue under the Custody Proceedings.

25.     **Defendant Regina A. Scannicchio** is the Presiding Judge of the Domestic Relations Division of Cook County. Wherein her role is limited to assigning judicial officers to

*Girard v. Paige et al.*

cases, and not presiding over cases, Defendant Scannicchio is a judge in name only. She is being sued in her personal capacity.

26. **Defendant William Yu** is an associate judge in the Domestic Relations Division, Calendar 89, who took over the Custody Proceedings on or around January 2025. He is being sued in his personal capacity.

I.     The History of the Custody Proceedings

27.     Jane F. Girard incepted the Custody Proceedings on or around March 2022 wherein she sought judicial appointment of a parenting coordinator. Marissa Girard was improperly joined a bit more than a year later as an additional original defendant under the proceedings without being actioned with a pleading in violation of state law under 735 ILCS 5/2-201(a) and in violation of the constitutional rights to due process and fair notice of claims.

28.     Due process violations aside, the improper joinder of Marissa Girard was calculated for the express purpose of harassment and to gain an unmerited litigation advantage over Kenton Girard in the Custody Proceedings, taking advantage of Marissa's physical and mental infirmities under PTSD and interstitial cystitis which symptoms are easily exacerbated by high-stress situations such as the spectre of defending a legal proceeding. To wit, Marissa Girard is neither a biological parent nor a holder of parental rights.

29.     Furthermore, under Illinois Supreme Court Rule 922, custody proceedings are strictly limited to 18 months from inception to entry of final order. By contrast, the Custody Proceedings are now entering their forty-sixth month. By any reasonable standard the Custody Proceedings have timed out, yet they continue to rage in violation of such clear expression of legislative intent.

30.     Beyond these defects, a significant question clouds the Custody Proceedings: given that the biological children fled their biological mother's home in 2022 never to return and have retained counsel and formally accused their biological mother of long-running sexual abuse and worse under *Minor Child Gw et al. v. Jane Girard*, Cook County Case No. 2024-L-012053 ("Rape Lawsuit"), and given their success in this litigation wherein the Court has denied Jane Girard's motion to dismiss and has set the matter for a 12-person jury trial in December 2026; does Jane Girard – an accused child sex abuser – truly have standing to seek a judicial order of custody under these egregious circumstances.

31.     Such moral, ethical and legal considerations trouble not BEERMANN LLP – where the "Beermann Playbook" seemingly informs their approach to all proceedings. The law firm will soon be defending another round of civil RICO allegations per the Memorandum Decision of District Judge Rebecca Pallmeyer dated August 12 2025 under *Girard v. Village of Glencoe et al.*, Civil No. 1:24-cv-06882, N. Dist. Illinois. Those allegations stem from the purported involvement of a number of high-ranking BEERMANN LLP principals in a long-running involvement in judicial bribery, including under the Custody Proceedings[1].

32.     Against this backdrop, Plaintiffs have been continuously and vigorously making efforts during the pendency of the Custody Proceedings to illuminate the injustice of Jane's seemingly never-ending, statute-violating, Constitution-offending quest to seek a judicial order of custody as to her child sex abuse victims. Numerous motions to terminate or stay the proceedings, to disqualify BEERMANN LLP, to enforce Trial Orders such as pertaining to the compliance of timely witness disclosures and timely discovery efforts, to undo capricious judicial decisions such

---

[1] Previous judicial officers William S. Boyd and Renee G. Goldfarb stand directly accused under *Girard v. Village of Glencoe et al.*, Civil No. 1:24-cv-06882, N. Dist. Illinois, of accepting cash payments from BEERMANN LLP attorneys in exchange for favorable rulings for their client Jane F. Girard.

as the striking of timely-filed counterclaims and the striking of properly filed motions for imposition of Illinois Supreme Court Rule 137 Sanctions against BEERMANN LLP, to enforce statutory time limits and Constitutional due process requirements have all failed because all of the judicial officers are ostensibly in the pocket of BEERMANN LLP. Orders are seemingly always adverse to Plaintiffs and always favorable to BEERMANN LLP and their client Jane F. Girard.

33.     The judicial officers – seemingly all controlled by BEERMANN LLP – merely deny hearing on the important existential questions affecting the Custody Proceedings. Such unresolved questions include (a) does an accused child sex abuser have standing to seek a judicial order of custody, (b) is Judge William Yu disqualified from presiding because he is actively defending not one but two separate federal lawsuits brought by the Plaintiffs, prior to the filing of the instant matter, (c) is BEERMANN LLP disqualified from serving as Jane's counsel, given that many of the attorneys from BEERMANN LLP are critical fact witnesses in various pending federal and state litigation *as well as under the Custody Proceedings*?

34.     Furthermore, as instructed by the Custody Proceedings and by canvassing other proceedings in which BEERMANN LLP appears, the excessive filing of papers and motions under the Custody Proceedings are reflective of BEERMANN LLP's modus operandi. Virtually all rulings requested by BEERMANN LLP are granted and the Beermann Playbook to extend proceedings and maximize legal fees and billings is thematic[2]. The Cook County Domestic Relations Court System is a seemingly rigged forum manipulated by BEERMANN LLP.

35.     Because BEERMANN LLP has followed its well-known "Beermann Playbook", the Custody Proceedings have become grossly elongated (now in their forty-sixth month) and during the course of the proceedings, BEERMANN LLP has filed more than thirty (30) separate

---

[2] See the operative pleading (first amended complaint at Dkt 73) under *Girard v. Village of Glencoe et al.*, Civil No. 1:24-cv-06882, N. Dist. Illinois at pp. 24-26 for a random sampling of such cases involving BEERMANN LLP and the Beermann Playbook in action.

requests for imposition of Illinois Supreme Court Rule 137 sanctions against Plaintiffs. As the minor children attain majority age on February 15 2026 – just six calendar days from the date of this filing – BEERMANN LLP has been making a vigorous full court press to have a trial under the Custody Proceedings. On January 21 2026 Judge Yu signed a Trial Order setting the matter for a three-day trial in his courtroom at the Daley Center convening at 10:30 AM on February 4-6, 2026.

36.      However, problematically, Judge Yu has transparently signaled that he must – at all costs and in disregardment of federal jurisdiction and the Constitutional rights of the Plaintiffs – get to an "allocation judgment" (the net payment under aggregation of fee awards). Here of course, it would be a matter of certainty that any allocation judgment would involve the significant payment of monies from Kenton Girard and Marissa Girard to Jane F. Girard under the auspices of the Beermann Playbook which always seeks a combination of fees imposed under Illinois Supreme Court Rule 137 as well as 750 ILCS 5/508(a) and (b).

37.      In point of fact, Judge Yu had zero jurisdiction to be convening a court date on January 16 2026 (or issuing the recent Trial Order dated January 21 2026) under the Custody Proceedings because jurisdiction lay with the U.S. Court of Appeals for the Seventh Circuit at that time. Plaintiff Kenton Girard removed the Custody Proceedings to the Northern District of Illinois under Civil No. 1:26-cv-00042 on January 5 2026 under the auspices of 28 USC §§ 1441 and 1443(1) – the latter which affords the right to appellate review in case of a remand – where they remained until January 14 2026 wherein the federal judge presiding (Jeremy C. Daniel) ordered a remand to state court. Incidentally, court dates which were scheduled on January 6 2026 and thereafter were stricken by Judge Yu, because he complied with suspension of state jurisdiction.

38.     Critically, Plaintiff Girard filed his Notice of Appeal at approximately 12:05 PM on January 14 2026 with the clerk of the Northern District of Illinois. The appeal was docketed in the Seventh Circuit on the very same day under Case No. 26-1073 and remains pending as of the date of this filing. Not until the next day did an ECF entry appear in the docket under Civil No. 1:26-cv-00042 noticing a letter signed and dated January 15 2026 and mailed by the federal clerk to the state court purporting to return jurisdiction back to the state court ostensibly satisfying the requirements under 28 USC § 1446(c).

39.     Directly on point, just a few months ago, the U.S. Court of Appeals for the Fourth Circuit considered identical circumstances in which a notice of appeal was filed and processed prior to the federal clerk penning a letter certifying the remand to the state court. Under *City of Martinsville v. Express Scripts, Inc.*, No. 24-1912 (4th Cir. 2025), the filing of a notice of appeal requires that the district court halt all proceedings related to the appeal, including even the mailing of a letter to the state court clerk if not already perfected. Consequently, until the Seventh Circuit transmits its mandate under Case No. 26-1073 back to the Northern District of Illinois, jurisdiction lies strictly with the U.S. Court of Appeals and the state court remains wholly stripped of jurisdiction under the Custody Proceedings.

40.     Plaintiff Kenton Girard made the state court aware of its lacking jurisdiction by filing a Notice of U.S. Court of Appeals Jurisdiction in the state court after a court date on January 16 2026 was announced by BEERMANN LLP under its Emergency Motion to Reset Trial Dates. Furthermore, during the court date on January 16 2026, Kenton informed Judge Yu in open court that the state court had zero jurisdiction to proceed under *City of Martinsville*. BEERMANN LLP attorney Matthew D. Elster however sought to invalidate Kenton's warning to the court, wherein he knowingly and unethically misled Judge Yu, declaring that Supreme Court

precedent under *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) as to how the filing of a Notice of Appeal operates to ** immediately divest ** the district court of all power related to the appeal was irrelevant and further opined that the opinion under *City of Martinsville* should be flatly ignored.

41.     Out of concern that Judge Yu was dangerously disregarding federal court jurisdiction and intended to proceed with a sham trial on February 4-6 2026, Plaintiff Marissa Girard exercised her independent right to removal as an original defendant under the Custody Proceedings and duly removed the case on February 3 2026 to federal court under 28 USC §§ 1441 and 1443(1), in particular noting that Judge Yu's recent Trial Order of January 21 2026 created a federal question about the jurisdiction of the Seventh Circuit and the suspension of jurisdiction in the state court, authorizing timely removal under 28 USC § 1446(b)(3). Pursuant to her removal, which she noticed promptly also on February 3 2026 with a <u>Notice of Filing: Notice of Removal</u> filed on the docket in the state court and disseminated via email on February 3 2026 to all parties and attorneys of record and to Judge Yu and Presiding Judge Scannicchio of the Domestic Relations Division, said matter was docketed in the United States District Court for the Southern District of Illinois, East St. Louis Division under Civil No. 3:26-00118-JPG[3].

42.     The presiding judicial officer, District Judge J. Phil Gilbert, issued an order under Civil No. 3:26-00118-JPG writing that Marissa Girard successfully removed the Custody Proceedings to the Southern District of Illinois but that the case properly belonged in front of the

---

[3] Marissa removed the proceedings to the Southern District of Illinois because on February 3 2026 she was served with a NOTICE OF INTRASTATE TRANSFER by Kenton Girard informing the parties that the Custody Proceedings were being transferred to the Madison County Circuit Court, under operation of Illinois Supreme Court Rule 187 because (a) percipient witnesses to the sexual abuse of the minor children currently reside in the St. Louis area, (b) hard evidence of the judicial bribery by BEERMANN LLP is maintained under 24x7 guard in the St. Louis area, and (c) key expert witnesses identified by Kenton Girard are practicing attorneys in the St. Louis area.

*Girard v. Paige et al.*

Northern District of Illinois. Notably, he did not terminate the case, but transferred the matter under 28 USC § 1406(a) and specifically noted that – irrespective of the procedural venue filing error – the effective date of Marissa's removal of the Custody Proceedings was February 3 2026.

II.     Judge Yu's Sham Trial on February 4-6 2026

43.     Presented with Marissa's removal to federal court, BEERMANN LLP attorney Candace L. Meyers (who is not admitted to the federal bar) emailed Judge Yu on the morning of February 4 2026, informing him that she and BEERMANN LLP had received Marissa's Notice of Removal yet nevertheless planned to proceed with the the trial call at 10:30 AM.

44.     A few hours later, BEERMANN LLP attorney Karen V. Paige (who is neither admitted to the federal bar) emailed Plaintiffs – as the apparent mouthpiece for the state court, which is a role typically reserved for the courtroom deputy or other judicial staff – indicating that Judge Yu would be proceeding with trial at 1:30 PM in the Daley Center on February 4 2026.

45.     Inexplicably, not only did Judge Yu not cancel the court date, but he aggressively and unconscionably ruled that the Notice of Removal was a "nullity" – in obvious cognitive dissonance with his recent decision that Kenton's previous Notice of Removal of January 5 2026 suspended state court jurisdiction. His apparent reasoning for declaring the Notice of Removal to be a "nullity" is that Kenton Girard's Notice of Intrastate Transfer was deficient and therefore, somehow, such deficiency invalidated Marissa's Notice of Removal.

46.     It is axiomatic that Judge Yu did not possess the jurisdiction to propound ** any ruling whatsoever ** after Marissa's February 3 2026 Notice of Removal was noticed on the state court docket and notice was emailed to all parties and counsels of record and Judge Yu and Presiding Judge of Domestic Relations Division Regina Scannicchio on February 3 2026[4]. Worse

---

[4] Furthermore, the morning email message from BEERMANN LLP attorney Candace L. Meyers attached clerk-stamped copies of Kenton Girard's Notice of Intrastate Transfer and Marissa's Notice of Filing: Notice of Removal to all parties and counsels of record and to Judge

still, Judge Yu's inexplicable decision to declare a docketed and timely and properly noticed removal of the Custody Proceedings to federal court "a nullity" offends the Supremacy Clause. Juxtaposed against his previous *suspension of state court jurisdiction* under Kenton's previous Notice of Removal on January 5 2026, Judge Yu this time *suspended the law* because he and BEERMANN LLP were running out of time to obtain an "allocation judgment" under the Custody Proceedings.

47.     The plain language of the federal removal statute under 28 U.S.C. § 1446(d) clear about the suspension of state court jurisdiction:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal **and the State court shall proceed no further unless and until the case is remanded.** (emphasis supplied)

In case of any doubt, the Seventh Circuit has recently admonished another Cook County judge for convening a court date and making rulings whilst the matter was removed to federal court. See *Fenton v. Dudley*, 761 F.3d, 3 770, 773 (7th Cir. 2014)

48.     Digging in, Attorney Karen V. Paige emailed Plaintiffs again after the conclusion of the court day on February 4 2026, requesting confirmation as to whether they would be appearing in court the following day under which she would present her "case in chief" and seek to question both Kenton and Marissa.

49.     Upon information and belief, BEERMANN LLP attorney Michael D. Sevin conceived of the false proposition that Marissa's Notice of Removal was a "nullity" because of the alleged deficiency of Kenton Girard's Notice of Intrastate Transfer and communicated this false conclusion to BEERMANN LLP attorneys Karen V. Paige and Enrico J. Mirabelli who in

---

Yu. Defendants cannot therefore claim that they were not in receipt and fully notified as to the Marissa's Notice of Removal dated February 3 2026.

turn pressured Judge Yu to have the "fortitude" to endorse the deeply flawed analysis of Michael D. Sevin – who is not admitted to the federal bar – and thereby allow the sham trial to proceed.

50. Incidentally, the typically ever-present BEERMANN LLP attorney Matthew D. Elster and resident "federal expert" was nowhere to be seen under the Custody Proceedings since the January 16 2026 court date, likely because he was concerned about reputational damage and fallout for goading Judge Yu to abrogate federal jurisdiction. Indeed, Mr. Elster is already a defendant under the same pending federal proceedings to which Judge Yu is also a party prior to the filing of this matter. Certainly, Mr. Elster knew that Marissa's Notice of Removal was *per se* valid once it was docketed in the federal court. By operation of the federal removal statute, a Notice of Removal is self-executing and immediately suspends state court jurisdiction. The only way to return jurisdiction to the state court is via a remand order, which as of this filing has not been requested much less issued.

51. Attorney Elster's complete absence from the sham trial speaks volumes: as the resident "federal expert" of BEERMANN LLP he knows he will be liable for being anywhere near obvious conspiracy between BEERMANN LLP to deprive the Plaintiffs their civil and federal rights under the sham trial. Upon information and belief, it is BEERMANN LLP senior partner Enrico J. Mirabelli who was responsible for making Michael D. Sevin the "fall guy" for wrongfully persuading Judge Yu to disregard federal jurisdiction. Indeed, as documented by email messages, Michael D. Sevin's involvement in the matter commenced when Attorney Elster stepped back from further involvement after the January 16 2026 court date.

52. In declaring Marissa's Notice of Removal a "nullity" and moving forward with the sham trial, Judge Yu demonstrated beyond any scintilla of doubt that he prioritized getting to the coveted "allocation judgment" demanded by BEERMANN LLP over respect for federal

jurisdiction and constitutional rights.

53.     After the conclusion of the next court day, on February 5 2026 BEERMANN LLP attorney Karen V. Paige penned another email message to Plaintiffs stating:

> Please be advised that the Trial of this matter will continue at 10:45 tomorrow via Zoom before Judge Yu. Please advise if you will be appearing so that we may plan accordingly. At the conclusion of our case we will be asking for the Rules to Show Cause to issue and be made returnable instanter.

Accordingly, it appeared that Karen V. Paige was threatening Plaintiffs that she would seek their jailing, for reasons unspecified. Needless to say, receiving such an email message caused Plaintiffs to experience heightened anxiety, distress and panic. As for Marissa Girard, who suffers from two separate ADA-recognized disabilities (PTSD and interstitial cystitis) she experienced a disabling compound attack and has been unable to leave her bed because of acute presentation of decreased locomotive capabilities. Her treating physician, who is Harvard-educated, is gravely concerned that Marissa may suffer permanent impairment from this new round of worsening of her symptoms proximately caused by Karen V. Paige.

54.     As if her previous emails were not sufficiently damaging, Attorney Paige rounded out the week with another email message after the court day on Friday February 6 2026 purporting to attach a pdf version of an order dictated by Judge Yu on February 4 2026 and and a draft version of an order disposing of all pending motions (**Exhibit 2**).

55.     The pdf version of the order allegedly dictated by Judge Yu on February 4 2026 (**Exhibit 3**) memorializes his finding that Marissa's February 3 2026 Notice of Removal is a "nullity" greenlights the sham trial to proceed, allowing Jane's witnesses to appear via Zoom[5] and

---

[5] Ironically, Marissa Girard fought with the state court for nearly three years thus far to honor her requirements for reasonable accommodations under the ADA. Marissa is physically and medically unable to appear in a courtroom, yet Judge Yu ordered her to appear ** in person ** for the scheduled February 4-6 2026 trial under the Custody Proceedings. Judge Yu's preferential treatment of Jane's witnesses - who are perfectly able to physically appear in court – displays his obvious and impermissible bias and animus against Marissa Girard, in violation of the ADA.

naturally denying long-ignored motions by Kenton Girard to disqualify BEERMANN LLP as Jane's counsel (because many BEERMANN LLP attorneys are material fact witnesses) and to disqualify the Custody Evaluator Phyllis Amabile MD, who in her official and outdated custody report dated September 13 2023 made many unprofessional blunders such as diagnosing the minor children with "Axis II Cluster B DSM5 Personality Disorder" after meeting with them during a single hour long session.

56.     The second attachment was not a draft order, instead Attorney Paige in what can only be described as gross negligence attached the internal trial notes of BEERMANN LLP (**Exhibit 4**). These notes confirm the concerted action and conspiracy set in motion by the BEERMANN LLP attorneys and Judge Yu. Among the highlights, the planned closing argument for Enrico J. Mirabelli (notated as "EJM") reveals the true purpose of modus operandi under the sham trial. First, he sought to rehabilitate Jane F. Girard's name by goading Phyllis Amabile (who often makes favorable reports for BEERMANN LLP clientele) to conclude Jane to be the loving mother and Kenton the bad father who has alienated his children from Jane, and to state – entirely without foundation – that there cannot possibly be any percipient witnesses to Jane's abuses of the minor children. He also called Jane's *criminal defense counsel* Jennifer Hansen to obtain a finding that the criminal investigations into Jane were effectively illusory and to rebut Jane's documented assertion of her Fifth Amendment right against self-incrimination. Clearly, Attorney Mirabelli was attempting to create a "collateral estoppel" effect to save Jane from the Rape Lawsuit, in which she already lost her motion to dismiss and trial has been set in the Law Division.

57.     Second, Enrico J. Mirabelli sought findings that Plaintiffs hereunder are problematic pro se litigants, who abused the family court system of Cook County and represent a threat to the future of that system and therefore must be punished. Such findings would be awfully

convenient wherein Enrico and several of the senior partners are accused of long-running judicial bribery and a pattern of racketeering in violation of the civil RICO statute. BEERMANN LLP and its partners – apart from this matter – are defending three (3) separate federal lawsuits filed by Plaintiffs and the minor children. Enrico is therefore also seeking to achieve an inappropriate "collateral estoppel" effect for that litigation, which is moving closer to trial.

58.     Third, of course BEERMANN LLP teed up a request to be allowed time to itemize fees and billings under its long-sought "allocation judgment". On top of this they seek "$156,250 on the low end to $312,500 on the high end" in monetary disgorgement from Plaintiffs for allegedly depriving Jane of parenting time. In reality, the minor children fled their biological mother's home **in order to survive** in the wake of Jane's long running history of aggressive and worsening penetrative sexual assaults, involuntary confinement inside Jane's locked and unlit basement without access to food or water for many hours at a time and other unspeakable abuses, Now Jane is going to trial under the Rape Lawsuit to face accountability.

59.     Notes as to Judge Yu's commentary in open court are also recorded in those trial notes, wherein he tells BEERMANN LLP to get him the proposed orders ASAP clearly recognizing that the evaporating authority of his court days away from the minor children majority age (and his plain abrogation of federal jurisdiction) might render the orders unenforceable.

60.     Attorney Paige and the other BEERMANN LLP defendants – and by extension Judge Yu and his boss Regina Scannicchio – deepened the severity of Marissa Girard's current medical crisis wherein Marissa read this latest missive and experienced a fresh round of trauma by seeing the sham trial unfolding and receiving the unjustified and extralegal harassment and her treating physician was forced to evaluate her for rapidly declining health condition.

61.     As of the filing of this lawsuit, Plaintiffs have not been served with any orders signed by Judge Yu from the sham trial, and it is unclear (a) whether the sham trial has concluded, (b) whether a proposed ruling or order is forthcoming from BEERMANN LLP and (c) whether Judge Yu has the temerity to put pen to paper and thus ratchet up his repudiation of federal jurisdiction.

III.     No Judicial Immunity Available

62.     Presiding Judge of the Domestic Relations Division Regina A. Scannicchio approved at all times Judge Yu's tenure over the Custody Proceedings, and received notice of all of his offenses to the State of Illinois and to the Constitution during the course of the Custody Proceedings. Furthermore, she is not a judge, but rather an administrative judicial allocator, and cannot avail of judicial immunity. As instructed by *Forrester v. White*, 484 U.S. 219 (1988), administrative acts like assigning judges to cases are not protected by judicial immunity.

63.     Defendant Yu in abrogating the jurisdiction of the Seventh Circuit and brazenly disregarding the boundaries of his authority under operation of the federal removal statute cannot either avail of judicial immunity hereunder. As articulated under *Stump v. Sparkman*, 435 U.S. 349 (1978) — the standard is that judicial immunity is lost when a judge acts in "clear absence of all jurisdiction."

**COUNT I - VIOLATION OF SUPREMACY CLAUSE**
*42 U.S.C. § 1983; Scannicchio, Yu*

64.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

65.     Defendant Yu in declaring the nullity of federal proceedings docketed in the Southern District of Illinois, and holding court dates in direct contradiction of the order of the presiding federal judge, violated the Supremacy Clause. Defendant Scannicchio as Defendant Yu's judicial allocator is also liable hereunder.

## COUNT II - TRESPASS AGAINST USCA JURISDICTION
### *42 U.S.C. § 1983; Scannicchio, Yu*

66.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

67.     By deliberately and contumaciously disregarding (a) the chronology of Kenton Girard's Notice of Appeal under 1:26-cv-00042 under which Case No. 26-1073 was docketed in the Seventh Circuit a full day before the federal clerk penned its letter to the state clerk, and (b) the Notice of USCA Jurisdiction Kenton filed into the state case, and (c) Kenton's forceful warning not to disregard the holding of the Supreme Court as to the divestiture of district court jurisdiction upon the filing of a notice of appeal and the recent ruling under City of Martinsville, and by proceeding to hold court dates, set a Trial Order and hold a sham trial prior to the return of the mandate from the Seventh Circuit under Case No. 26-1073, Judge Yu has trespassed against USCA jurisdiction. Judge Scannicchio as Judge Yu's judicial allocator is also liable hereunder.

## COUNT III - TRESPASS AGAINST DISTRICT COURT JURISDICTION
### *42 U.S.C. § 1983; Scannicchio, Yu*

68.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

69.     By deliberately and contumaciously disregarding his obligations under the Supremacy Clause and under the federal removal statute, pertaining to suspension of state court jurisdiction until there is an order of remand, Judge Yu is liable hereunder. Judge Scannicchio as Judge Yu's judicial allocator is also liable hereunder.

## COUNT IV - VIOLATION OF FEDERAL REMOVAL STATUTE
### *42 U.S.C. § 1983; Scannicchio, Yu*

70.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

71.     By prioritizing his and BEERMANN LLP's race to obtain an "allocation judgment", Judge Yu suspended the operation of law and disregarded the plain language of the federal removal statute pertaining to suspension of state court jurisdiction until there is an order of remand. Judge Scannicchio as Judge Yu's judicial allocator is also liable hereunder.

## COUNT V - CONSPIRACY TO DENY RIGHTS
### *42 U.S.C. § 1985; All Defendants*

72.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

73.     All Defendants – including Jane F. Girard as the proverbial "captain of the ship" made concerted action together in an illicit agreement to greenlight the sham trial, thereby goading Judge Yu (with the approval and knowledge of Hon. Scannicchio) to suspend the law and thereby unleash myriad violations of Plaintiffs' constitutional rights via the ultra vires sham trial. The prospect that BEERMANN LLP is currently goading Judge Yu to jail Plaintiffs for indeterminate terms of incarceration – without any Sixth Amendment protections in sight – is chilling.

74.     The meeting of the minds is adequately documented under the trial notes (**Exhibit 4**) wherein it is written "We must stand up to the bully. Kenton and Marissa are the bully." Such positioning helps the BEERMANN LLP Defendants to defeat the various pending litigation brought by Plaintiffs. Elsewhere, the notes read "Kenton and Marissa haven't protected the children, they'v sabotaged the children." Such language if adopted by Judge Yu would serve to rehabilitate Jane's severely damaged reputation. Finally, BEERMANN LLP transparently asks Judge Yu to absolve Jane of her sexual abuse wrongdoing by making a specific finding that there is no credible evidence of sexual abuse or rape. The notes make it manifestly obvious that each of Jane and the BEERMANN LLP defendants seek to illicitly benefit from the sham trial findings of Judge Yu.

75.     Further, the conspiracy came together with Regina Scannicchio and Judge Yu's assent because they – like countless other judges on the bench in the Domestic Relations Division – are openly racist against Hispanic/Latinx persons. The recent accommodation of Jane's witnesses (who are not Hispanic/Latinx) to appear via Zoom (**Exhibit 3**) wherein Judge Yu

required Marissa Girard to appear physically in person – which is a medical impossibility – is another example of his impermissible racist animus. What else is in it for Regina Scannicchio and Judge Yu? By delivering adverse findings against Plaintiffs, the momentum under the pending federal lawsuits filed by Plaintiffs against them gets blunted.

### COUNT VI - VIOLATION OF DUE PROCESS
*42 U.S.C. § 1983; Scannicchio, Yu, Paige, Elster, Meyers, Sevin, Beermann LLP*

76.　　Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

77.　　The sham trial and any rulings which devolve from that ultra vires proceeding are void ab initio, and therefore offense to Plaintiff's due process rights.

### COUNT VII - VIOLATION OF RIGHT TO FEDERAL REMOVAL
*42 U.S.C. § 1983; Scannicchio, Yu, Paige, Elster, Meyers, Sevin, Beermann LLP*

78.　　Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

79.　　These Defendants acted under color of state law to make concerted action together in an illicit agreement to greenlight the sham trial by expressly violating the suspension of state court jurisdiction codified under the federal removal statute, thereby goading Judge Yu (with the approval and knowledge of Hon. Scannicchio) to suspend the law with his ultra vires sham trial.

### COUNT VIII - VIOLATION OF RIGHT TO IMPARTIAL TRIBUNAL
*42 U.S.C. § 1983; Scannicchio, Yu*

80.　　Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

81.　　Wherein Judge Yu was clearly disqualified under Illinois Judicial Canon 2.11 from presiding over the Custody Proceedings because he is actively defending (apart from this suit) two separate federal lawsuits brought by Plaintiffs and the minor children hereunder, his refusal to let go of the proceedings violates Plaintiffs' right to an impartial tribunal. It is obvious that an adverse ruling (as sought under the "closing argument notes", **Exhibit 4**) would be extremely convenient for Judge Yu's defense strategy under those suits. Judge Scannicchio as Judge Yu's judicial allocator is also liable hereunder.

## COUNT IX - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *All Defendants*

82.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

83.     The concerted action yielding unbelievable abrogation of federal appellate jurisdiction and violation of the plain command of the federal removal statute was reckless and extreme and outrageous, caused extreme anxiety and medical and health decline for Marissa Girard who may be permanently impaired by the unbelievable stress caused by Defendants' ultra vires activities and provocations.

**WHEREIN**, under all of the enumerated counts above, Plaintiffs have experienced generalized anxiety, distress, disquiet, reduced earnings, indeterminate loss of time and in the case of Marissa Girard she has further experienced significant and potentially permanent medical and health declines as a proximate result of the offending conduct.

**WHEREFORE**, Plaintiffs MARISSA GIRARD and KENTON GIRARD pray this Court grant the following relief:

1) Compensatory damages in an amount to be determined at trial;
2) Attorneys fees and costs under 42 U.S.C. § 1988 and under 29 U.S.C. § 794a(b);
3) Nominal damages for violations of constitutionally protected rights;
4) Declare the violations of the Supremacy Clause, federal removal statute, trespasses against federal appellate and district court jurisdiction;
5) Declare that the state court lost jurisdiction on January 5 2026 upon Kenton Girard's noticing to the state court and adverse parties thereunder of his notice of removal and that jurisdiction has not been returned to the state court wherein his Notice of Appeal on January 14 2026 transferred jurisdiction to the Seventh Circuit which is currently presiding over Case No. 26-1073;
6) Declare that the letter from the federal clerk from the Northern District of Illinois certifying the remand under Kenton's notice of removal signed and dated on January 15 2026 and docketed under Civil No. 1:26-cv-00042 was issued without authority because the district court was divested of all authority relating to the remand per Kenton's notice of appeal on the previous day;
7) Declare that the noticing to the state court and adverse parties thereunder of Marissa's Notice of Removal on February 3, 2026 further operated to suspend state court jurisdiction;
8) Declare that all state court proceedings under the Custody Proceedings conducted after January 5 2026 OR February 3, 2026 are void *ab initio* until jurisdiction is returned to the state court;
9) Declare that any rulings propounded or orders signed by Defendant Yu under the Custody Proceedings after January 5 2026 OR February 3, 2026 are void *ab initio* until jurisdiction is returned to the state court;
10) Declare that Defendant Yu cannot be an impartial judicial officer over the Custody Proceedings;
11) Such other relief that this Court may deem just, equitable and proper;

**Dated: February 6 2026**     Respectfully Submitted,

for Kenton Girard, In Pro Se:     for Marissa Girard, In Pro Se:

/s/ Kenton Girard     /s/ Marissa Girard
965 Forestway Drive     965 Forestway Drive
Glencoe, IL 60022     Glencoe, IL 60022
Email: kg5252@yahoo.com     Email: marissadakis@gmail.com
Tel: 773-575-7035     Tel: 773-425-4393

## EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE F. GIRARD,

    Plaintiff,

       v.                          Case No. 26-cv-118-JPG

MARISSA GIRARD and KENTON GIRARD,

    Defendants.

### MEMORANDUM AND ORDER

This matter comes before the Court on the Notice of Removal filed by defendant Marissa Girard (Doc. 1). She seeks to remove a case currently pending in the Circuit Court of Cook County, Illinois, County Department, Domestic Relations Division, as Case No. 2015-D-009633.

Marissa has removed the case to the wrong federal district court. A defendant may remove a state court case only "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Cook County is within the Northern District of Illinois, not the Southern District of Illinois, so any removal must be to that district. Venue is therefore improper here.[1]

The Court notes that defendant Kenton Girard requested a transfer of venue to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Doc. 1-2 at 121-22). There is no evidence that motion was granted, and a search for the case in the Madison County court records for any of the parties to the Cook County action yields no results. *See* https://www.madisoncountyil.gov/departments/circuit_clerk/court_records_search.php (visited Feb. 5, 2026).

---

[1] Further, venue would be improper in the Southern District because it does not satisfy any of the provisions of 28 U.S.C. § 1391(b).

*Girard v. Paige et al.*

Where venue is improper, the Court is permitted to dismiss a case or to transfer it to any district in which is could have been brought.  28 U.S.C. § 1406(a).  Transfer is the preferable option because it avoids the time and effort necessary to refile in a proper venue.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).  Here, transferring this case rather than dismissing it will preserve Marissa's Notice of Removal filing date where its timing may become an issue if she needed to refile it.

For these reasons, the Court **TRANSFERS** this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a) for improper venue.

**IT IS SO ORDERED.**
**DATED: February 5, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

26                                                                   *Girard v. Paige et al.*

## EXHIBIT 2

**From:** Karen Paige <kpaige@beermannlaw.com>
**To:** CCC DomRelCR3005 (Chief Judge's Office) <ccc.domrelcr3005@cookcountyil.gov>
**Cc:** Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>; Kenton <kg5252@yahoo.com>;
marissa <marissadakis@gmail.com>; Toma Makedonsi <legaltrna@gmail.com>
**Sent:** Friday, February 6, 2026 at 03:05:23 PM CST
**Subject:** Girard case No. 2015 D 009633 [IMAN-BMACTIVE.FID206731]

Your Honor:

Per your Honor's direction at the conclusion of today's closing argument, we are submitting the following:

1. PDF Order prepared at the conclusion of January 4, 2026 Court date and
2. Word version of Proposed Ruling on All Pending Motions.

If the Court requires anything further, please let us know. All parties are copied hereto.


Thank you,

Karen Paige


**Karen Paige** | Divorce and
Family Law Partner

2275 Half Day Rd., Suite
350 | Bannockburn, IL
60015
Tel: 847.681.9600 | Fax:
847.681.0909

161 N Clark St., Suite 3000
| Chicago, IL 60601
Tel: 312.621.9700 | Fax:
312.621.0909

kpaige@beermannlaw.com |
www.beermannlaw.com





**CONFIDENTIAL E-MAIL** This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

2 attachments


2026.02.06 Day 1 Trial Order(6587002.3).pdf
133K

2026.02.06 Court closing and argument(6587456.1).docx
22K

*Girard v. Paige et al.*

## EXHIBIT 3

**And IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| IN RE: THE FORMER MARRIAGE OF ) | |
| ) | |
| KENTON GIRARD, ) | |
| Petitioner, ) | |
| ) | |
| and ) | No.    2015 D 009633 |
| ) | |
| JANE GIRARD, ) | |
| Respondent, ) ) | |
| ) | |
| and ) | |
| ) | |
| MARISSA GIRARD, ) | |
| Third Party Respondent. ) | |

### ORDER

**THIS MATTER** coming before the Court pursuant to the Court's January 21, 2025 Order setting in person Trial February 4, 5 and 6, 2026, at 10:30 am each day;  Respondent, Jane Girard, and Jane's counsel, Beermann LLP, present in court; Petitioner failing to appear in person in court or on Zoom; and Third Party Respondent and Third Party Respondent's counsel, Toma Makedonski, failing to appear in person in court or on Zoom; and the Court being duly advised in the premises;

THE COURT MAKES THE FOLLOWING FINDINGS:

A.    Respondent, Jane Girard, and her counsel, Beermann LLP, appeared in person in Courtroom 3005.

Page 1 of 3

*Girard v. Paige et al.*

B.      Enrico J. Mirabelli of Beermann LLP informed the Court that Kenton Girard filed a "Notice of Intrastate Transfer" at 11:40 a.m. on February 3, 2026, which was emailed to Karen Paige and Matthew Elster at 11:38 p.m.  Mr. Mirabelli tendered a copy of said Notice to the Court.

C.      Mr. Mirabelli further informed the Court that Marissa Girard filed a "Notice of Filing; Notice of Removal to the Southern District of Illinois East St. Louis Division," which was emailed to several Beermann LLP attorneys at 11:43 p.m.  Mr. Mirabelli tendered a copy of said Notice to the Court.

D.      The Court, after being fully advised of the above documents, for the reasons stated on the record, finds that the "Notice of Intrastate Transfer" did not in fact transfer the matter, nor did the "Notice of Intrastate Transfer" cause this Court to lose jurisdiction.  The Court found there was no Order entered transferring this matter to Madison County; therefore, the Court finds that the "Notice of Removal" was a nullity as Madison County does not have jurisdiction over the instant matter.

IT IS HEREBY ORDERED:

1.      Trial shall proceed as scheduled on February 4, 5 and 6, 2026 in person pursuant to the Court Order of January 21, 2026.

2.      The Court ordered Jane's counsel to email opposing parties, and counsel for Third Party Respondent, that Trial is to begin at 1:30 pm in Courtroom

Page 2 of 3

*Girard v. Paige et al.*

3005 on February 4, 2026. Jane's counsel provided a copy of the email notification to the Court.

3.  Prior to Trial commencing, the Court heard and ruled as follows on the following Motions for the reasons stated on the record:

a.  Kenton Girard's Motion to Disqualify Beermann LLP filed on April 24, 2025 is denied;

b.  Kenton Girard's Motion to Disqualify Phyllis Amabile filed on April 24, 2025 is denied;

c.  Jane Girard's Motion for Witnesses to Appear Remotely via Zoom is granted. Joel Levin and Jennifer Hansen are granted leave to appear via Zoom as witnesses in this matter.

ENTERED:

_____
Judge William Yu

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Petitioner – kgs5252@yahoo.com
Attorney for Third Party Respondent – legaltma@gmail.com

Page 3 of 3

*Girard v. Paige et al.*

# EXHIBIT 4

ORDER – Judge Yu 11:01 am

With respect to the Rule re the videos

    Rule shall issue instanter

Pleadings that are being voluntarily nonsuited for various reasons for mootness

    So ordered

137 fees and 508 (a) or (b) fees Jane Girard granted leave to file her pleading within 30 days

Any other petition – in closing – including the petitions filed by the other parties not present here – will let you proceed to argument

Then subsequent oral finding also a written court order

\*\*\*

EJM Closing:

I know you paid attention

On behalf of Jane Girard and her family we thank you for the prejudicial conduct

    Contumnly course of conduct – unparalleled and unprecedented

    Attacks on judiciary, our firm, myself, my partners

                                       *Girard v. Paige et al.*

Despite every attempt to delay

Despite opposing parties' efforts they never entered into the battle

Despite the fact that they never appeared there is AMPLE EVIDENCE

Important thing is to make CREDIBILITY findings

Start with J Hansen

To debunk the fabricated statement that Jane took the 5th amendment

They went and named a date, and a person

You're not limited to the testimony = can take judicial notice of other pleadings, federal court, law division

I don't know who mary stein is

Never took the 5th amendment

Jennifer testified that the refused to sit for an interview DCFS investigators

Children wanted to be heard BUT

Didn't

Could've talked to Judge Goldfarb

There is an Order allowing the in camera

Started with Jennifer, she was credible

*Girard v. Paige et al.*

If testimony is inherently credible

Jane Girard

    Asking to make a finding:

        Compassionate mother

        Put through the mill

        Harassed intimidated abused defamed by K, G, AND the children

    Credibly testified

    K, M -  never showed up to ask Jane any

    Asking to find Jane to go above and beyond

    Hard to fathom except as Dr. Amabile said:

        Can't underestimate the love of a mother for her children

All because K and M are on a crusade

Dr. Amabile

    Sum up in 3 words – she gets it

    She knows what's going on

    Gave a road map of what happened in this case

    Was a great relationship

*Girard v. Paige et al.*

She knew something happened in 2021

K, M, the girls – all treated her differently

Kenton had the ability to control the children, no right to abdicate his role as the parents

Parents cannot hide behind their children

Kenton had 2 parallel defenses – I support them and I can't make them

Convenient for him

Long seated history – Kenton has never forgiven his ex wife

He was "winning," used and weaponized the children in horrific ways

Make a finding that Dr. Amabile is credible, her report is not stale, everything she said in report is still happening

She found Kenton to be delusional

Has no respect for the truth

He's a bully, intimidates,

Horrific role modeling for the children

He never sat the children

*Girard v. Paige et al.*

Willful and contumnacious actions – he DID NOT to follow, he did everything

Make a finding of credibility as to Marissa, Kenton and children

You've read their sworn statements, other matters

Twice you've set this trial, delayed the case to run the clock until you finally said enough is enough

Notice of Removal – legal nullity

Not a pleading not a motion wasn't timely filed

You had the fortitude to let this go forward

We all have to stand up to the bully

Both Kenton and Marissa are the bully

Marissa filed a pleading that she believes EJM and Kenton have a "side agreement"

Does that sound "credible" to you?

Beyond bizarre, it's incredible

Direct you to 2 Petitions for Continuing Abuse of Parenting Time

Last day of parenting time

Math – start 9/1/22 – 1251 days have elapsed

Jane had 50% of the time

Law is clear if parties have an agreement and abide by it – schedule becomes binding

Jane has lost 625 days of parenting time

Kenton and Marissa knowingly eliminated Jane from the children's lives to make her "give up"

Jane NEVER gave up

Section 607.5 – stated basis for relief

Preponderance of the evidence

Ct shall issue – one remedy is (7) – imposition of a fine per incident

625 denied parenting time

Is it best interests?  It affects the entire system.

Presumption

Will help OTHER children send a message to K and M

Based upon the evidence – can you ever make a finding that Jane is a "rapist"

These children had a motive – independence

Tampon assault morphed until it got an incredible

*Girard v. Paige et al.*

Girls don't tell each other for a year each

K and M haven't protected the children, they've sabotaged the children

Asking you to make a specific – NO credible of rape, sexual abuse

Those findings are important

Suggest a fine of $250 to $500 per day

Cumulate $156,250 on the low end of $312,500 on the high end

Fine is to punish

This fine will punish the Girards and the system

Section (d) to 607.5

Court SHALL order … to pay the aggrieved party their reasonable attys fees and costs

We will file a petition under 607.5(d), SC Rule 137 and 508(a) and 508(b)

**Solely against Kenton**

August 1 , 2023 Court Order

Find Marissa and Kenton both in contempt

Against both parties

Dr. Amabile had a number of text messages

*Girard v. Paige et al.*

Found that Marissa acted in concert with Kenton

She overstepped her boundaries and we brought her in rightfully so

Marissa is as contemptuous as Kenton

Jane's Motion to Modify the Parenting Agreement

Kenton is NOT a fit and proper person for decision making and doesn't act in the children's best interests

This petition could have and would have been granted if not for the shenanigans of K and M

Asking you to grant my client that she is the person who makes sole decisions

Not a pyrrhic victory and may not be able to enforce it

Ask on the 2 petitions of Kenton's – asking to deny WITH PREJUDICE

Find no evidence in the record

We will submit proposed Findings of Fact and Conclusions of Law today

The purge – remove all posts

**

*Girard v. Paige et al.*

When is the date of emancipation – 2/15/26

"my daughter's bday"

Allow us to frame out proposed and detail what is still open and what is closed out

I'm inclined to tie the findings related to Kenton or Marissa in this order so it's in 1 complete order

Get it over asap

I am going to add my own findings