**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| KENTON GIRARD, *et al.,* | ) | |
| | ) | Case No. 1:26-cv-01443 |
| Plaintiffs, | ) | |
| | ) | Judge Jeffrey I. Cummings |
| v. | ) | |
| | ) | Magistrate Jeffrey T. Gilbert |
| KAREN V. PAIGE, ESQ, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**THE DEFENDANT JUDGES'
RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendants Judges Regina A. Scannicchio and William Yu ("Defendant Judges"), by their attorney, Kwame Raoul, Attorney General of Illinois, move to dismiss all claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, the Defendant Judges state as follows:

**INTRODUCTION**

Plaintiff Kenton Girard has filed several suits against the judges assigned to his domestic relations case, *In Re the Former Marriage of Kenton Girard and Jane Girard,* Case No. 2015 D 99633, in the Circuit Court of Cook County. ECF No. 38 ¶ 7. The first case Girard filed, in which he sued Judges William Boyd and Renee Goldfarb, was *Kenton Girard, Minor Child G.R., and Minor Child G.W v. Village of Glencoe, Detective Ryan McEnerney, Maria Paredes, Gwenn Waldman, Breanna Trau, Beerman LLP, John M D'Arco, James M. Quigley, Enrico J. Mirabelli, Judge William S. Boyd and Judge Rene G. Goldfarb,* Case No. 24 CV 06882. Judge Pallmeyer recently dismissed the claims against Judges Boyd and Goldfarb with prejudice based on judicial immunity. *See* ECF 121. Girard also filed suit in the Law Division of the Circuit Court of Cook

1

County, *Kenton Girard, Gwen Girard, and Grace Girard v. Jane Girard, Phylis Amabile, Gwenn Waldman, Breanna Traub, Vanessa Hameer, Joel Levin, Karen Paige, Candace Meyers, Molly Carmody, Judge Rossana Fernandez,* Case No. 2024 L 12053, where Girard sued Judge Rosanna P. Fernandez. Defendant Judge Eileen O'Connor presided over that case and granted Judge Fernandez's motion to dismiss based on judicial immunity as well. Girard also filed another matter in the Northern District, *Kenton Girard, and Minor Children G.W. and G.R. v. Judges Eileen M. O'Connor, Rossana P. Fernandez, William Yu, Robert Johnson and Regina A. Scannicchio*, Case No. 25-cv-04551 which is currently pending before Judge Edmond Chang. Plaintiffs' make clear in their complaint that they also have at least one matter pending in the Southern District of Illinois as well. ECF ¶ 41. All of these case stem from decisions the named judges made while presiding over Plaintiffs' state court cases.

In this latest filing, Kenton Girard and his wife Marissa Girard have sued Judges Scannicchio and Yu among others, alleging the following claims:

Count I- Violation of the Supremacy Clause

Count II- Trespass against USCA Jurisdiction

Count III- Trespass against District Court Jurisdiction

Count IV- Violation of federal removal statute

Count V- Conspiracy to deny rights (under Section 1985)

Count VI- Violation of Due Process

Count VII- Violation of right to federal removal

Count VIII- Violation of right to impartial tribunal

Count IX- Intentional Infliction of emotional distress

This Court should dismiss the claims against the Defendant Judges for four reasons. First, the *Rooker-Feldman* or *Younger* doctrines preclude Plaintiffs' claims against Defendant Judges, as Plaintiffs are attempting to have this Court review judicial decisions from state court domestic relations and law division cases. Second, the Court should abstain from hearing this case based on principles of federalism and comity. Third, Defendant Judges are entitled to judicial immunity with respect to all actions taken in their judicial capacity. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Finally, Plaintiffs' theory of liability as to Defendant Judge Scannicchio rests on *respondeat superior* and alleges no personal involvement as required under Section 1983.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case. *See Weiler v. Household Fin. Corp*., 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Plaintiff must meet his burden to establish that jurisdictional requirements have been met. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 589, 589 (7th Cir. 2014). Under the Federal Rules of Civil Procedure, a complaint must contain factual allegations that plausibly suggest there is a legal right to relief. Rule 12(b)(6) requires dismissal of a complaint when the complaint fails to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6).

## ARGUMENT

I. **The *Rooker-Feldman* and *Younger* Doctrines Bar Plaintiffs' Claims Against Defendant Judges.**

The *Rooker-Feldman* doctrine bars Plaintiffs' constitutional and state-law claims against Defendant Judges because Plaintiff is asking this Court to review state court rulings. The *Rooker-Feldman* doctrine forbids lower federal courts from exercising jurisdiction over cases challenging state court judgments rendered before commencement of district court proceedings. *Brown v. Bowman,* 668 F.3d 437, 442 (7th Cir. 2012). The rationale for the doctrine is that even if a state

3

court judgment may be wrong under federal law, only the Supreme Court of the United States has jurisdiction to review it. *Id.* When the *Rooker–Feldman* doctrine applies, dismissal for lack of subject-matter jurisdiction is the only proper disposition. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

Here, Plaintiff asks this Court to review various rulings made by Defendant Judges in the Domestic Relations and Law Division proceedings. Specifically, Plaintiff challenges numerous decisions made by Defendant Judge Yu and the orders that were entered in the underlying domestic relations case. ECF No. 1 ¶¶ 26, 33, 45, 56, 61. But *Rooker-Feldman* prohibits review of these state-court decisions in federal court. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 396 (7th Cir. 2023). Thus, Plaintiffs' claims against the Defendant Judges should be dismissed for lack of jurisdiction.

Alternatively, should this Court determine that any of Plaintiffs' claims relate to the *ongoing* state court domestic relations proceedings and are therefore not subject to the *Rooker-Feldman* doctrine, this Court should decline to hear the claims pursuant to *Younger v. Harris*, 470 U.S. 37 (1971). Federal courts apply *Younger* abstention when there is a parallel, pending state proceeding and any federal rulings would "implicate a State's interest in enforcing the orders and judgments of its courts." *Spring Comm. Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Plaintiffs' domestic relations case remains pending in the Circuit Court of Cook County. If this Court allows Plaintiff to continue with the case before it, this proceeding will interfere with the State's ability to enforce the orders entered in the domestic relations case and to resolve the domestic relations matter. Accordingly, if Plaintiffs' claims are not precluded by the *Rooker-Feldman* doctrine, this Court should decline to hear the claims pursuant to *Younger*.

**II.  This Court should decline to hear Plaintiffs' claims against the Defendant Judges based on principles of federal abstention.**

Even if this Court determines that the *Rooker-Feldman* doctrine and *Younger* abstention do not apply here, it should still abstain from hearing Plaintiffs' claims. As the Seventh Circuit explained in *J.D. v. Woodward*, even if a recognized abstention doctrine is not an exact fit, abstention can be appropriate because "[t]o insist on literal perfection" based on a complaint's allegations "risks a serious federal infringement." 997 F.3d 714, 723 (7th Cir. 2021) (declining to exercise federal jurisdiction in a due process custody claim). Instead, "federal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Hadzi-Tanovic v. Johnson*, No. 20-cv-3460, 2021 U.S. Dist. LEXIS 226663 at *15 (N.D. Ill. Nov. 24, 2021) (holding that abstention was proper in federal case alleging a conspiracy in a state-law divorce case) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018)). "A common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B.*, 997 F.3d at 722 (declining to exercise jurisdiction over a due process claim related to underlying state court custody action).

Here, Plaintiff requests that this Court insert itself into a state court domestic relations proceeding, but to do so "would intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B*, 997 F.3d at 721-22 (quoting *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)). As such, abstention is appropriate here because "[e]xercising federal jurisdiction over [these] claims would 'reflect a lack of respect for the state's ability to resolve [these issues] properly before its courts.'" *J.B.*, 997 F.3d at 722 (quoting *SKS & Assocs.*, 619 F.3d at 679). Plaintiffs' claims are directly related to an underlying state court case and

5

deciding Plaintiffs' claims in this case would necessarily require this Court to review those judgments, implicating principles of comity. As Judge Feinerman observed in a similar case seeking injunctive relief from a state court judge in a custody case:

> If the claims brought by Bush in *J.B.* warranted abstention to avoid providing him with an 'offensive tool to take to state court to challenge [Judge Carr's] orders, abstention surely is warranted . . . where Bush sues Judge Carr himself and asks this court to directly decide the constitutionality of the judge's rulings and actions.

*Bush v. Carr*, No. 20 C 6634, 2021 U.S. Dist. LEXIS 191289, at *2-3 (N.D. Ill. Oct. 5, 2021). So too here. Plaintiff asks this Court to review the constitutionality of the Defendant Judges' rulings and actions in an underlying state court case. Accordingly, this Court should abstain from hearing Plaintiffs' claims against them.

## III. Plaintiffs' Claims Against the Defendant Judges Are Barred by Absolute Judicial Immunity.

Even if this Court had jurisdiction over Plaintiffs' claims, Plaintiffs' claims against the Defendant Judges are barred by the doctrine of absolute judicial immunity.

More than 130 years ago, the United States Supreme Court confirmed that judges cannot be sued for their judicial acts, even when those acts are "in excess of their jurisdiction, and are alleged have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (absolute judicial immunity applies even when a judge's exercise of authority is "flawed by the commission of grave procedural errors"). No matter how "erroneous the act may have been" or how "injurious…it may have proved to the plaintiff," it cannot support a suit against a judge. *Bradley*, 80 U.S. at 347. A judge is not deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978). Judges must remain "free to act upon [their] own convictions" without fearing civil liability. *Brokaw*, 235 F.3d at 1015.

6

The scope of immunity is expansive. Judges are absolutely immune from suits for damages unless: (1) "the suit challenges an action that is not judicial in nature" or (2) "the judge acted in the complete absence of all jurisdiction." *Haas v. Wisconsin*, 109 Fed. App'x 107, 113 (7th Cir. 2004). Courts in the Seventh Circuit routinely dismiss lawsuits against judges for actions taken in their judicial capacity, especially when those actions were taken in domestic relations cases.[1]

No exception to absolute judicial immunity applies here. First, the alleged actions of the Defendant Judges in Plaintiffs' domestic relations case (*i.e.*, rulings in that case) are indisputably "judicial in nature." *See, e.g.*, *Brokaw v. Mercer County*, 235 F.3d 1000, 1015; *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (rulings in divorce proceedings are judicial acts and entitled to judicial immunity). Second, the Illinois courts have subject-matter jurisdiction over the proceedings at issue. *See Davit v. Davit*, 366 F. Supp. 2d 641, 660 (N.D. Ill. 2004), *aff'd*, 173 Fed. App'x 515 (7th Cir. 2006).

Plaintiff does not—and cannot—allege that the Defendant Judges acted in the "complete absence of jurisdiction." In *Stump v. Sparkman*, the Supreme Court distinguished between judicial actions taken in "excess of authority" and those taken with a "clear absence of all jurisdiction over the subject-matter;" only in the latter case is immunity unavailable. 435 U.S. at 356-57. Where there is subject-matter jurisdiction and the judge played a judicial role, there is immunity. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995).

The allegations in Plaintiffs' complaint demonstrate that the Defendant Judges are absolutely immune from this suit. The Illinois Constitution grants circuit courts in this state "original jurisdiction of all justiciable matters" with limited exceptions not applicable here. Ill.

---

[1] *See, e.g.*, *Anderson v. Anderson*, 554 F. App'x 529, 531 (7th Cir. 2014); *Davenport v. Illinois*, 295 F. App'x 810, 812 (7th Cir. 2008); *Eberhardt v. Braud*, No. 16-CV-3080, 2016 WL 3746422, at *3 (C.D. Ill. Jul. 8, 2016); *Brzowski v. Brzowski*, No. 07 C 3977, 2007 WL 2225832, at *1 (N.D. Ill. Jul. 26, 2007).

Const. Art. VI, § 9. Thus, absolute judicial immunity applies here. *Stump,* 435 U.S. at 356-57 (noting that judges are not deprived of immunity for actions taken "in error"); *see also Cooney v. Rossiter*, No. 07 C 2747, 2008 WL 3889945, at *5 (N.D. Ill. Aug. 20, 2008), *aff'd*, 583 F.3d 967 (7th Cir. 2009) ("Contrary to Plaintiffs' claim, absolute judicial immunity does preclude litigation against judges, *even where bad faith is alleged.*") (emphasis in original).

The Defendant Judges vehemently deny Plaintiffs' allegations that they accepted bribes, are "dirty," or have acted out of anger, incompetence, or in a way that Plaintiff believes violated Illinois law. But even if Plaintiffs' conclusory allegations had any merit, which they do not, such allegations cannot defeat absolute judicial immunity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (judge immune from damages in a conspiracy case alleging bribery); *see also Nesses v. Shepard*, 68 F.3d 1003, 1006 (7th Cir. 1995) (recognizing judicial defendants were entitled to have suit dismissed on grounds of immunity in case alleging "massive, tentacular conspiracy among the lawyers and the judges to engineer" plaintiff's defeat).

As the Seventh Circuit has held, "[t]he Supreme Court of [Illinois], not the federal judiciary, is responsible for dealing with claims that state judges erred." *Myrick v. Greenwood*, 856 F.3d 487, 487 (7th Cir. 2017). Accordingly, Plaintiffs' claims against the Defendant Judges are barred by judicial immunity and must be dismissed for this reason as well.

## IV. Defendant Judge Scannicchio Was Not Personally Involved in The Alleged Constitutional Violation as Required Under Section 1983.

Finally, Plaintiffs' claims against Defendant Judge Scannicchio also fail because they have not alleged that she was personally involved in the alleged violation, as required under Section 1983. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.,* 327 F.3d 588, 594 (7th Cir. 2003)). "Under § 1983, a plaintiff may not

8

rely on the doctrine of *respondeat superior* to hold supervisory officials liable for the misconduct of their subordinates." *Doyle v. Camelot Care Ctrs.*, 305 F.3d 603, 614 (7th Cir. 2002). Accordingly, in *Stagman*, in addition to holding that judicial immunity barred the claims against Chief Judge Evans, the Court dismissed the claims against him because the plaintiff alleged "no personal involvement of Judge Evans," and the Chief Judge "cannot be held vicariously liable for the constitutional deprivations plaintiff alleges against Judge Walker." *Stagman*, 2017 U.S. Dist. Lexis 42760, at *10-11. The same is true here; this is an additional ground for dismissal of the claims against Defendant Judge Scannicchio.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss the Defendant Judges from this case.

Respectfully submitted,


By: */s/ Michael J. Bradtke*

Michael J. Bradtke
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov
*Counsel for Defendant Judges*

9