

BC

FILED
4/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARISSA GIRARD and KENTON GIRARD, | |
| Plaintiffs, | Civil No.     1:26-cv-1443 |
| v. | District Judge Jeffrey I. Cummings |
| KAREN V. PAIGE ESQ et al. | **Plaintiffs' Notice as to Forthcoming Amendment by Right and as to Jane Girard's Request for a Mack Bar** |
| Defendants. | |

Plaintiffs Kenton Girard and Marissa Girard, both in pro se, in support of their Notice as to Forthcoming Amendment by Right and as to Jane Girard's request for a Mack Bar, highlight relevant history from federal and state courts and state as follows:

### I.      Litigating accommodations for Marissa Girard under the ADA is now moot.

Plaintiffs hereby notify the Court that Kenton Girard intends to amend the pleading by right under Rule 15 wherein Marissa Girard will not be sustained in her role as a plaintiff in this matter. As a result, she has no future role in this litigation.

Accordingly, pursuant to Defendant Jane F. Girard's "response" to Marissa's notice as to her disabilities (Dkts 7-8), Marissa Girard notes that litigation of her accommodations under the Americans with Disabilities Act is mooted.

### II.      Referral to the Executive Committee is neither warranted.

Further, Plaintiffs heartily object to Jane F. Girard's motion to dismiss (Dkt 25) at 10 wherein she writes in relevant part:

> Throughout the various proceedings, Plaintiffs have exhibited utter contempt for the authority of the courts. They have been sanctioned repeatedly, held in contempt of court, and admonished by numerous courts. They have **lied to the court and in pleadings**, all the time flaunting the court's authority as they apparently do not believe that the rules apply to them. (emphasis supplied)

As a threshold matter, Jane's counsel has misrepresented the facts as to Plaintiffs[1].

In specific, the only admonishments/sanctions Kenton has received in a court of law are as follows:

**a.** Rule 137 sanction (no monetary fine) imposed by Cook County Judge Eileen M. O'Connor for filing the federal pleadings under *GW v. Scannicchio*, Civil No. 1:25-cv-4551 because it supposedly violated her ruling *that judges and attorneys cannot be sued*. This sanction was subsequently vacated by Cook County Judge Michael F. Otto because there was offending paper signed and filed in the Cook County court system on which to base a Rule 137 sanction.

**b.** Discovery sanction (monetary fine for $1,000) imposed under Illinois Supreme Court Rule 219 by Cook County Judge Catherine A. Schneider for overly broad discovery issued under *In re the Emancipation Petition of Gw and Gr*, Cook County Case No. 2024-COMS-000016.

**c.** Imposition of costs and fees (Jane F. Girard's counsel has requested approximately $15,000; Kenton Girard's analysis of the incurred fees has proposed approximately $7,000 as a more accurate figure; the figure has not yet been finalized by the court) under *Girard v. Girard*, Civil No. 1:26-cv-00042, N. Dist. Illinois by District Judge Jeremy C. Daniel under 28 USC § 1447(c).

To wit, none of the above sanctions involve an allegation or finding of dishonesty before the court in any form.

As to Marissa Girard, she has received the following admonishments/sanctions:

**i.** Sanction under Rule 38 of the Federal Rules of Appellate Procedure imposed by the Seventh Circuit for approximately $2,800 for propounding a frivolous appeal under No. 25-1854.

**ii.** Imposition of costs and fees (Jane F. Girard's counsel has requested approximately $19,000; the figure has not yet been finalized by the court and is being contested) under *Girard v. Girard*, Civil No. 1:26-cv-1399, N. Dist. Illinois by District Judge Jeremy C. Daniel under 28 USC § 1447(c).

---

[1] Additional various admonishments/sanctions were issued against Kenton Girard and Marissa Girard under *IRMO Girard*, Cook County Case No. 2015-D-009633, by Cook County Associate Judge William Yu (a defendant in this matter) under a trial he presided on February 4-6 2026 his ruling signed on February 11 2026. However, the trial and ruling are void because the proceeding had been removed to federal court on February 3 2026 and under operation of 28 USC § 1446(d), the state court was divested of jurisdiction until the federal clerk mailed the ultimate remand order to the state court on April 3 2026.

**iii.** Sanction by District Judge Jeremy C. Daniel under Rule 11 for $1,000 under *Girard v. Girard*, Civil No. 1:26-cv-1399, N. Dist. Illinois for presenting two separate letters to the court from her octogenarian psychotherapist in which, although both letters correctly described her ADA-qualifying conditions under PTSD and interstitial cystitis, one letter was determined by the court pursuant to an *ex parte* questioning of the psychotherapist in which parties and counsel were not allowed to be present, and without an evidentiary hearing, to have not been authorized by the psychotherapist.

The first two sanctions above do not involve an allegation or finding of dishonesty before the court in any form. The third does, however as noted District Judge Daniel premised his finding of dishonesty regarding the provenance of one of the submitted doctor letters based on an impermissible ex parte interview of Marissa's psychotherapist.

Pursuant to the above analysis, there is no basis to further punish Kenton Girard.

As to Marissa Girard, notwithstanding that she will no longer be participating in this litigation under the forthcoming amended pleading, no referral to the Executive Committee for imposition of a so-called "Mack Bar" is warranted. The circumstances here are not remotely similar to those under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

Unlike Richard Mack, Marissa Girard has paid the sanctions imposed against her (whilst the costs and fees imposed under the second item above under 28 USC § 1447(c) are still being debated). Also unlike Mack, Marissa Girard has not sent abusive, threatening letters to judicial officers and other members of the government.

Although she did undertake two separate removals of the underlying state court custody proceeding under *IRMO Girard*, Cook County Case No. 2015-D-009633, the second removal perfected on February 3 2026 was premised not on the provision for civil rights-related removals under 28 USC 1443(1), but rather concerning the wholly different question as to whether the state court had ** any authority ** to conduct proceedings based on jurisdiction never having been

returned to the state court under circumstances[2] identical to those presented under *City of Martinsville v. Express Scripts, Inc.*, No. 24-1912 (4th Cir. 2025). The chronology raised by Marissa offers a **question of first impression** in the Seventh Circuit.

**Dated: April 27 2026**  Respectfully Submitted,

/s/ Kenton Girard, *In Pro Se*  /s/ Marissa Girard, *In Pro Se*
965 Forestway Drive  965 Forestway Drive
Glencoe, IL 60022  Glencoe, IL 60022
Email: kg5252@yahoo.com  Email: marissadakis@gmail.com
Tel: 773-575-7035  Tel: 773-425-4393

## CERTIFICATE OF SERVICE

The undersigned certify that this paper was electronically filed with the clerk of this Court on April 27 2026 using the pro se box filer.

/s/ Kenton Girard

---

[2] On January 14 2026 around 12:05 PM, Kenton Girard filed his Notice of Appeal under Civil No. 26-cv-00042, challenging, inter alia, the propriety of the district court's remand order entered roughly thirty minutes prior. On January 15, 2026, the federal clerk for NDIL signed and dated a letter purporting to certify and transmit the remand order to the state court. However, once the Notice of Appeal was filed, the district court was immediately divested of authority over all aspects of the case involved in the appeal—including the act of certifying and mailing the remand order. Any such action taken after the filing of the Notice of Appeal is a nullity. Because the clerk-to-clerk transmission was unauthorized, jurisdiction did not revest in the state court under 28 U.S.C. § 1447(c). Instead, jurisdiction flowed directly to this Court. The Supreme Court has made clear that the filing of a notice of appeal "is an event of jurisdictional significance," operating like a switch that transfers authority from the district court to the court of appeals. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Once the notice is filed, the district court must "halt all proceedings relating to the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023).