

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Kenton Girard,

        Plaintiff,

        v.

Karen V. Paige Esq et al.,

        Defendants.

Case No. 1:26-cv-1443

Hon. Jeffrey I. Cummings

**FILED**
5/7/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

## JOINT INITIAL STATUS REPORT

## I.     THE NATURE OF THE CASE

    A.    <u>Identify the attorneys of record for each party, including the lead trial attorney.</u>

**FOR PLAINTIFF:**

Kenton Girard, *in pro se* – lead attorney
965 Forestway Drive
Glencoe, IL 60022
Phone: (773) 575-7035
Email: kg5252@yahoo.com

**FOR BEERMANN DEFENDANTS:**

Kimberly E. Blair – lead attorney
Robert Merlo
WILSON ELSER
161 N. Clark St., Suite 4500
Chicago, Illinois 60603
Email: kimberly.blair@wilsonelser.com
Email: robert.merlo@wilsonelser.com
Phone: (312) 821-6170
Phone: (312) 821-6139

**FOR JANE GIRARD:**

Chris S. Wunder - lead attorney
Eric D. Kaplan
KAPLAN & GOURNIS, P.C.
1 S. Wacker Drive – Suite 2400
Chicago, Illinois 60606
Email: cwunder@kpglaw.com
Email: cnelson@kpglaw.com
Phone: (312) 726-0531
Fax: (312) 726-4928

**FOR JUDICIAL DEFENDANTS:**
Assistant Attorney General Michael J. Bradtke
Office of the Attorney General for Illinois
115 S. LaSalle Street
Chicago, IL 60603
Phone: (312) 814-1212
Email: michael.bradtke@ilag.org

B.     Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

*Plaintiff's position*: Plaintiff alleges that Defendants circumvented (1) **district court jurisdiction** and (2) **federal appellate jurisdiction** over proceedings incepted in state court but subsequently removed to federal court, namely *IRMO Girard*, Cook County Case No. 2015-D-009633 (herein, "Custody Matter").

Plaintiff alleges that Judge William Yu (with the approval of his judicial allocator Regina Scannicchio) conducted a trial on February 4-6 2026 and distilled a resulting judgment on February 11 2026 whilst the entire proceeding had been removed pursuant to a notice of removal filed on February 3 2026 (not to be returned until April 3 2026 on which date the federal clerk mailed the certified remand letter to the state court).

As to the second point,  the proceedings had been removed under a prior notice of removal filed on January 5 2026 and an appeal of the remand followed under No. 26-1073. Jurisdiction was not returned to the state court until the mandate for the Seventh Circuit issued on April 20 2026. Such conclusion is owing to the chronology wherein the notice of appeal was filed *before the mailing of the remand letter* from the federal clerk to the state court, rendering the letter a nullity.

There are no counterclaims or third party claims at this time. Plaintiff's claims are listed below, with the caveat that an amended pleading by right under Rule 15 is forthcoming with substantially similar causes of action and notably wherein Marissa Girard will not be sustained as a plaintiff. That amended pleading is calculated in part to expose the recent ruling by District Judge Jeremy C. Daniel under Civil No. 1:26-cv-1399 at Dkt 59 entered on April 2 2026 wherein **he rejected the Beermann Defendants' thesis** that the notice of removal filed on February 3 2026 constituted a "nullity" and "did not remove" the Custody Matter.


**Count I**      VIOLATION OF SUPREMACY CLAUSE

Judge William Yu (and by extension his judicial allocator Regina Scannicchio) are liable wherein Judge Yu to adjudicated the validity of the February 3 2026 notice of removal, determining that the notice constituted a "nullity" and was of no jurisdictional import, under an order he signed on February 4 2026. That extra-jurisdictional order in turn greenlighted the February 4-6 2026 trial to take place in his courtroom and his subsequent distilling of a judgment therefrom on February 11 2026. Plaintiff alleges that Judge Yu's actions were inconsistent with two prior federal rulings on the jurisdictional import of the notice.


**Count II**      TRESPASS AGAINST USCA JURISDICTION

Judge William Yu (and by extension his judicial allocator Regina Scannicchio) are liable wherein Judge Yu held proceedings under the Custody Matter whilst jurisdiction had not been returned under the previous notice of removal on January 5 2026 and jurisdiction was directly transferred to the Seventh Circuit on January 14 2026 and not returned to the state court until the mandate issued on April 20 2026.

**Count III**     <u>TRESPASS AGAINST DISTRICT COURT JURISDICTION</u>

Judge William Yu (and by extension his judicial allocator Regina Scannicchio) are liable wherein Judge Yu held proceedings under the Custody Matter whilst jurisdiction lay exclusively with the Northern District of Illinois until the federal clerk mailed a certified letter as to the following remand on April 3 2026, pursuant to the notice of removal filed on February 3 2026.

**Count IV**     <u>VIOLATION OF FEDERAL REMOVAL STATUTE</u>

Judge William Yu (and by extension his judicial allocator Regina Scannicchio) are liable wherein Judge Yu disregarded the jurisdictional import of the February 3 2026 notice of removal.

**Count V**     <u>CONSPIRACY TO DENY RIGHTS</u>

Plaintiff alleges that the Beermann Defendants encouraged Judge Yu to deem Seventh Circuit and federal district court jurisdiction "fiction", so the trial could proceed despite the removal and Seventh Circuit Appeal. Plaintiff alleges that the timing of the trial was significant because the minor children were nearing majority. Any doubts about intent are supported by the Trial Notes inadvertently transmitted to Plaintiff by the Beermann Defendants (see complaint at Exhibit 4). Among the revelations under the Trial Notes, the Beermann Defendants opined that any orders signed by Judge Yu might be unenforceable and that Plaintiff represented a threat to the status quo of how the family courts operate and the Trial Notes include language suggesting Plaintiff 'must be punished'.

.

**Count VI**     <u>VIOLATION OF DUE PROCESS</u>

Plaintiff alleges the February 4-6 2026 trial was *ultra vires* and occurred without jurisdiction to make determinations affecting Plaintiff and his interests concerning his life, liberty and property.

**Count VII**     <u>VIOLATION OF RIGHT TO FEDERAL REMOVAL</u>

A litigant in a state court proceeding has an absolute right to avail of the federal removal statute by filing and noticing a notice of removal. The Beermann Defendants and the Judicial Defendants acted in concert under the color of state law to suppress that right.

**Count VIII**     <u>VIOLATION OF RIGHT TO IMPARTIAL TRIBUNAL</u>

Plaintiff alleges that Judge Yu (and by extension his judicial allocator Regina Scannicchio) should have recused under Judicial Canon 2.11 wherein – by virtue of being a

defendant under *GW v. Scannicchio*, Civil No. 25-cv-4551 and *Girard v. Fernandez*, Civil No. 25-cv-136 (both of which matters were pending while he conducted his February 4-6 2026 trial and distilled his February 11 2026) – he had an impermissible and significant personal interest in rendering an adverse outcome against Plaintiff, who is a plaintiff in those matters. Incidentally, both of those suits were dismissed without prejudice under abstention doctrines, not on the merits.

**Count IX**     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

This count relates to the trauma caused by the trial and distilled order.

C.     Briefly identify the major legal and factual issues in the case.

*Plaintiffs' position*: This case presents rare circumstances in which the records of the state and federal proceedings referenced in the pleading fully articulate the factual backbone. The following legal issues are central to the case at bar:

L1.     Do abstention or immunity doctrines militate against federal jurisdiction? To this end, some recent decisions in this district bear review.

Plaintiff's comments: District Judge Andrea Wood **refused to grant judicial immunity** to Judge William Yu or judicial allocator Regina Scannicchio under *Girard v. Fernandez*, Civil No. 25-cv-136 at Dkt 49 entered on March 25 2026. District Judge Sara Ellis noted under *GW v. Scannicchio*, Civil No. 25-cv-4551 that neither Rooker-Feldman nor Younger abstention applied, bowing out under the so-called Woodard Doctrine which proscribes "intrusion" on an ongoing state court proceeding under Dkt 76 entered on April 22 2026. However, applying the logic utilized by District Judge Pallmeyer in her memorandum opinion under *Girard v. Village of Glencoe*, Civil No. 1:24-cv-06882 at Dkt 121 entered on August 12 2025, District Judge Ellis dismissed on abstention grounds without leave to refile, but could have allowed Plaintiff to refile after the conclusion of the underlying state matters.

Furthermore, the domestic relations exception is inapplicable here: Plaintiff does not seek any domestic-relations style relief, there are substantial federal questions and the martial dissolution divided property with finality more than a decade ago.

Plaintiff contends that the state court lacked authority after the children attained legal adulthood on February 15 2026 – and Plaintiff contends that Judge Yu's trial and order are void – the state court has been divested under the Illinois Constitution, Article VI, Section 9  of any further authority to adjudicate the Custody Matter.

L2.     Is there a bad faith exception to the suspension of state court jurisdiction under the filing of a notice of removal?

Plaintiff's comments: The Seventh Circuit's trend is toward rejecting judge-made exceptions to clear jurisdictional rules. This trend is exemplified by *Gilbank v. Wood County Department of Human Services*, 111 F.4th 754 (7th Cir. en banc 2024). In that matter, the Seventh Circuit eliminated the fraud exception to Rooker-Feldman and disavowed the amorphous and doctrine-expanding "inextricably intertwined" standard which has been

pervasively relied upon by Article III judges to clear their dockets, irrespective of their jurisdictional mandates vested by Congress.

In the per curiam, unanimous opinion under *Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. ___ (2020), the Supreme Court has affirmed the proposition that a notice of removal acts like a light switch, turning off the power in the state court upon filing. The decision goes further to clarify that any post-removal activities in the state court are "absolutely void", confirming the clear legislative intent behind § 1446(d).

**Beermann Defendants' Statement/Position Regarding Issues of the Case:**

The Beermann Defendants dispute and deny the factual and legal bases set forth in the operative Complaint, as well as recited by Plaintiff above.

The Beermann Defendants state that the issues to be decided in this case are fully set out in their motion to dismiss. (ECF #28).

**Defendant Jane Girard's Statement/Position Regarding Issues of the Case:**

Defendant Jane Girard disputes and denies the factual and legal bases set forth in the operative Complaint, as well as recited by Plaintiff above.

Defendant Jane Girard states that the issues to be decided in this case are fully set out in her motion to dismiss. (ECF #25).

D.      State the relief sought by any of the parties.

For the constitutional violations, nominal damages are sought. For the other causes of action, compensatory damages are sought. Plaintiff also seeks punitive damages and attorneys fees and costs. In the forthcoming amended pleading, Plaintiff will not seek declaratory or injunctive relief.

**II.      FEDERAL SUBJECT MATTER JURISDICTION**

A.      Identify all federal statutes on which federal question jurisdiction is based.

Constitutional torts are framed under 42 U.S.C. § 1983. Conspiracy to deny rights is framed under 42 U.S.C. § 1985. Jurisdiction also arises because the federal removal statute codified under 28 USC § 1441 et seq. is a centerpiece of this matter.

**Beermann Defendants:** The Beermann Defendants note that their Rule 12(b)(6) motion includes an alternative prayer for relief under Rule 12(b)(1). (*See*, ECF #28, p. 14).

**Defendant Jane Girard's Position:** Defendant Jane Girard notes that her Rule 12(b)(6) motion also includes arguments relating to the court's lack of jurisdiction under Rule 12(b)(1). (*See,* ECF #25, pp. 4-8).

        B.     ~~Explain why diversity jurisdiction is applicable.~~

## III.    STATUS OF SERVICE

All parties have been served.

## IV.    MOTIONS

        A.     <u>Briefly describe any pending motions.</u>

The Beermann Defendants brought a motion to dismiss, likewise the Judicial Defendants have brought a separate motion to dismiss and finally Defendant Jane Girard has brought a third motion to dismiss.

The theories raised by Defendants center on application of abstention and immunity doctrines.

**Beermann Defendants:** The Beermann Defendants note that their motion to dismiss is brought under Rule 12(b)(6) and argues that: (i) the complaint is barred by collateral estoppel; (ii) Count VII is not a recognized claim; (iii) Counts VI and VII fail because the Beermann Defendants are not state actors; (iv) Count V fails because Plaintiffs cannot state a §1985 claim; (v) Count IX (IIED) fails for numerous reasons; and makes (vi) an alternative, Rule 12(b)(1), prayer for relief. (ECF #28).

**Defendant Jane Girard:** Defendant Jane Girard filed her 12(b)(1) and 12(b)(6) motion to dismiss arguing that the court does not have jurisdiction, the Complaint does not pass Ruel 8 muster, and that Plaintiffs do not plead plausible claims against her. In the motion, Defendant Jane Girard also requests that the court refer Plaintiffs to the Executive Committee for possible entry of a filing bar.

        B.     <u>State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.</u>

See previous response.

## V.    CASE PLAN

Judicial Defendants request discovery be stayed pending the ruling on their motion to dismiss which raises judicial immunity.

        A.     <u>Submit a proposed discovery plan, including the following information:</u>

                i.     *the general type of discovery needed*.

Plaintiff proposes written discovery, subpoenas and depositions.

**Beermann Defendants**: The Beermann Defendants' position is that discovery is improper unless the motions to dismiss are denied in full.

**Defendant Jane Girard's Position**: Discovery should not proceed in this matter unless the court denies her motion to dismiss.

ii. *a date for Rule 26(a)(1) disclosures*.

Plaintiff proposes July 3 2026.

**Beermann Defendants**: The Beermann Defendants' position is that discovery, including Rule 26(a)(1) disclosures, is improper unless the motions to dismiss are denied in full.

**Defendant Jane Girard's Position**: Discovery should not proceed in this matter unless the court denies her motion to dismiss.

iii. *a date to issue the first-set of written discovery requests*.

Plaintiff proposes that written discovery be opened once the forthcoming motions to dismiss are resolved.

**Beermann Defendants**: The Beermann Defendants' position is that discovery is improper unless the motions to dismiss are denied in full.

**Defendant Jane Girard's Position:** Discovery should not proceed in this matter unless the court denies her motion to dismiss.

iv. *a proposed fact discovery completion date*.

Plaintiff proposes six (6) months after the opening of written discovery.

**Beermann Defendants**: The Beermann Defendants' position is that discovery is improper unless the motions to dismiss are denied in full.

**Defendant Jane Girard's Position**: Discovery should not proceed in this matter unless the court denies her motion to dismiss.

v. *a proposed deadline for amended pleadings*.

Plaintiff proposes his forthcoming first amended pleading to be filed on May 11 2026 suffices.

**Beermann Defendants**: The Beermann Defendants acknowledge Plaintiffs' to amend, as of right, no later than May 11, 2026.

vi. *Whether the parties anticipate expert discovery and, if so, a proposed schedule for the completion of expert discovery.*

Plaintiff believes it is not necessary.

**Beermann Defendants**: The Beermann Defendants' position is that discovery is improper unless the motions to dismiss are denied in full.

**Defendant Jane Girard's Position:** Discovery should not proceed in this matter unless the court denies her motion to dismiss.

B. State whether jury trial is requested and the probable length of trial (including jury selection, jury addresses, and jury deliberations).

Plaintiff has requested a jury trial and anticipate that four (4) days shall suffice for the presentation of the trial from opening through closing statements. Plaintiff believes jury selection and jury addresses will require two (2) days and jury deliberations will occupy two (2) days.

**Beermann Defendants**: The Beermann Defendants' position is that trial should only be contemplated if the motions to dismiss are denied in full.

**Defendant Jane Girard's Position:** Trial setting should not occur until the appropriate time.

## VI. CONSENT AND SETTLEMENT DISCUSSIONS

A. Consent to Magistrate.

The parties do not consent to proceeding before a magistrate.

B. State whether any settlement discussions have occurred and whether the parties mutually request a settlement conference.

No discussions have occurred; there is no request at this time.

**Dated: May 7, 2026**                    Respectfully Submitted,

/s/ Kenton Girard, *In Pro Se*
965 Forestway Drive
Glencoe, IL 60022
Tel: (773) 575-7035
Email: kg5252@yahoo.com

/s/ *Robert F. Merlo*
Kimberly E. Blair
Robert F. Merlo
Wilson Elser Moskowitz
Edelman & Dicker, LLP
161 N. Clark, Suite 4500

Chicago, IL 60601
Kimberly.blair@wilsonelser.com
Robert.merlo@wilsonelser.com
*One of the Beermann Defendants' attorneys*

/s/ Chris S. Wunder
Chris S. Wunder
KAPLAN & GOURNIS, P.C.
One South Wacker Drive
Suite 2400
Chicago, IL 60606
cwunder@kpglaw.com
*Attorney for Defendant Jane Girard*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, I caused a true and correct copy of the foregoing to be served via email on the counsel of record.

/s/Kenton Girard