BC

FILED
8/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENTON GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-1443 |
| v. | District Judge Jeffrey I. Cummings |
| KAREN V. PAIGE ESQ et al. | **Plaintiff's Motion for Leave to File a Sur Reply Directed at Reply by Beermann Defendants and Jane Girard** |
| Defendants. | |

Plaintiff Kenton Girard, in pro se, for his Motion for Leave to File a Sur Reply Directed at the Joint Reply in support of the Motions to Dismiss brought by the Beermann Defendants and Jane Girard, hereby states as follows:

## INTRODUCTION

Plaintiff respectfully seeks leave to file a short Sur Reply addressing new arguments, new factual assertions, and material misstatements of controlling authority raised for the first time in the Beermann Defendants' and Jane Girard's Reply (ECF 45). These issues could not have been anticipated in the opening briefs and materially affect the legal questions presented. A limited Sur Reply is necessary to ensure a complete and accurate record.

## LEGAL STANDARD

Courts in this Circuit permit Sur Replies when a reply brief raises new arguments, introduces new evidence, or misstates controlling law in a manner that prejudices the non-movant. See *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, 950 F.3d 959 (7th Cir. 2020); *Ennin v. CNH Industrial America, LLC*, 878 F.3d 590 (7th Cir. 2017); and *United States v. Sanders*, 992 F.3d 583 (7th Cir. 2021).

A Sur Reply is particularly appropriate where a reply brief "mischaracterizes the record or

controlling authority," because such defects cannot be addressed in ordinary briefing sequence.

**GROUNDS FOR SUR REPLY**

**1. The Reply materially misstates the holdings of controlling case law.**

The Reply misrepresents multiple authorities in ways that materially affect the issues before the Court, including (a) *Archdiocese of San Juan v. Feliciano*, 589 U.S. 57 (2020) is described as addressing "only removal," omitting the Supreme Court's holding that **any order entered after divestiture is void**; (b) *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) is described as "overruled," despite continued Seventh Circuit reliance on its divestiture rule; (c) *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995) is described as "overruled," though *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023) overruled only the Rooker-Feldman exception, not the **state-action holding** Plaintiff relies on; (d) *Christopher v. Harbury*, 536 U.S. 403 (2002) is mischaracterized as requiring inability to file suit, contrary to the Supreme Court's recognition of forward-looking access injuries; and (e) *Bracy v. Gramley*, 520 U.S. 899 (1997) is described as irrelevant, despite the Supreme Court's recognition of impartial-tribunal claims under § 1983.

These misstatements go to the core of the issues raised in the motions to dismiss. A sur-reply is necessary to correct the record.

**2. The Reply makes new arguments.**

The Reply argues for the first time that the federal claims hereunder amount to an impermissible collateral attack, and that his removal arguments are "frivolous". New arguments are disallowed in a Reply, and moreover the arguments are without merit.

**3. The Reply relies on new factual assertions outside the pleadings.**

The Reply introduces new factual assertions not present in the opening brief, including (a)

allegations about Plaintiff's filings in unrelated state-court matters, (b) allegations about Plaintiff's conduct in other federal cases, (c) factual assertions about the "strategic refusal" to participate in trial, and (d) factual claims about the "purpose" of removal. These assertions are improper on a Rule 12(b)(6) motion and require a sur-reply to clarify the record.

**4. The Reply reframes Plaintiff's claims in a manner inconsistent with the FAC.**

The Reply repeatedly asserts that Plaintiff seeks to "vacate" state-court orders, despite the FAC's explicit statement that Plaintiff exclusively seeks damages for completed constitutional torts, not vacatur. This reframing is new to the Reply and requires correction.

**PROPOSED SUR REPLY**

Plaintiff seeks leave to file the proposed Sur Reply (**Exhibit 1**) which addresses only misstatements of controlling authority, new arguments raised for the first time in the Reply, new factual assertions outside the pleadings, and mischaracterizations of the FAC.

**WHEREFORE**, Plaintiff KENTON GIRARD prays this Court deny the Motions to Dismiss brought by Defendants hereunder.

Dated: **August 20, 2026**

Respectfully Submitted,

/s/ Kenton Girard, *In Pro Se*
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: (773) 575-7035

**CERTIFICATE OF SERVICE**

The undersigned attests that the foregoing paper has been electronically filed with the Court and served on all counsel of record.

Dated: **August 20, 2026**

/s/ Kenton Girard

**EXHIBIT 1**

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENTON GIRARD, | |
| Plaintiff, | Civil No. 1:26-cv-1443 |
| v. | District Judge Jeffrey I. Cummings |
| KAREN V. PAIGE ESQ et al. | **Plaintiff's Sur Reply** |
| Defendants. | **Directed at Reply ISO MTD of FAC by Beermann Defendants and Jane Girard** |

Plaintiff KENTON GIRARD hereby submits this limited Sur Reply to address new arguments, new factual assertions, and material misstatements of controlling authority raised for the first time in the Beermann Defendants' and Jane Girard's Joint Reply in support of their motions to dismiss (ECF 45). This Sur Reply is confined to those issues.

## I. The Reply misstates controlling Supreme Court and Seventh Circuit authority.

### A. *Feliciano*

The Reply asserts that Plaintiff "fabricated" a quotation from *Archdiocese of San Juan v. Feliciano*, 589 U.S. 57 (2020), and that the decision involved "only" state-court proceedings. Both assertions are incorrect. Plaintiff did not fabricate any quotation; rather, he paraphrased the Supreme Court's holding that once removal is effected, "the State court shall proceed no further" and any subsequent proceedings are "absolutely void," quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881), which *Feliciano* expressly reaffirmed.

The Reply's second assertion—that *Feliciano* involved only state courts—is likewise inaccurate. *Feliciano* arose from parallel proceedings in the Puerto Rico Court of First Instance

and **the United States District Court for the District of Puerto Rico**, an Article III federal court. The Supreme Court's analysis addressed the effect of removal on both tribunals and reaffirmed the longstanding rule that any order entered by a court lacking jurisdiction—state or federal—is void. The Reply's characterization therefore distorts both the procedural posture and the holding articulated under *Feliciano*.

B. *Griggs*

The Reply also misstates the status and scope of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), by asserting that the decision is "no longer good law" after the 1993 amendment to Federal Rule of Appellate Procedure 4(a)(4). That characterization is incorrect. The Advisory Committee Notes to the 1993 amendment address the effect of certain post-judgment motions on the timing of appeals; they do not abrogate *Griggs*'s core holding that the filing of a notice of appeal transfers jurisdiction to the court of appeals and divests the district court of authority over the aspects of the case involved in the appeal. The Seventh Circuit continues to cite *Griggs* for this divestiture principle. See *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995); *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *United States v. Ali*, 619 F.3d 713 (7th Cir. 2010).

The Reply's assertion that *Griggs* has been superseded therefore introduces a new argument not raised in the opening brief and materially misstates controlling Supreme Court authority.

C. *Nesses*

The Reply also misstates the effect of *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995), by asserting that the decision was "overruled" in *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023). That is incorrect. *Hadzi-Tanovic* overruled only the narrow **Rooker-Feldman corruption**

**exception** discussed in *Nesses*, *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006), and *Parker v. Lyons*, 757 F.3d 701 (7th Cir. 2014).

Notably, *Hadzi-Tanovic* did not disturb *Nesses*'s separate and independent holding that private parties may act under color of state law when they "corruptly conspire" with a judge or other state official. This undisturbed substantive rule of *Nesses* – recognized by this Circuit in *Prophet v. Prophet*, 73 F.3d 364 (7th Cir. 1995) and mandated by the Supreme Court in *Dennis v. Sparks*, 449 U.S. 24 (1980) – holds that a private party who corruptly conspires with a judge acts under color of state law for purposes of § 1983 liability. The Seventh Circuit has confirmed that state-action principle as distinct from the jurisdictional Rooker-Feldman analysis. See *Gilbank v. Wood County Department of Human Services*, 92 F.4th 569, 575–76 (7th Cir. 2024) (en banc).

Plaintiff relies solely on the state-action holding, which remains good law. The Reply's characterization conflates these separate doctrines and introduces a new argument not raised in the opening brief.

D. *Harbury*

The Reply likewise misstates *Christopher v. Harbury*, 536 U.S. 403 (2002), by asserting that Plaintiff must identify a "lost remedy" to plead an access-to-courts claim. That requirement applies only to **backward-looking** access claims—those alleging that official action caused the loss of a specific, already-completed cause of action. *Harbury* separately recognizes **forward-looking** access claims, which arise when official conduct "frustrates or impedes" a litigant's ability to pursue claims going forward. *Id.* at 414–15. Forward-looking claims do not require identification of a lost remedy; they require only allegations that defendants' conduct obstructed or impaired the plaintiff's ability to litigate.

The Seventh Circuit directly adopted this structural distinction in *Harer v. Casey*, 962 F.3d

299 (7th Cir. 2020). In *Harer*, the court explicitly separated access-to-courts claims into two mutually exclusive categories based on *Harbury*: backward-looking claims, which seek to remedy a past cause of action that was completely lost or permanently tanked by official misconduct, and forward-looking claims, which target "systemic official action [that] hinders a plaintiff in preparing and filing suits at the present time." *Id.* at 307. The Seventh Circuit emphasized that the entire object of a forward-looking claim is simply to "light the way" to the courthouse and "place the plaintiff in a position to pursue a separate claim" going forward. *Id.* (quoting *Harbury*, 536 U.S. at 413). Consequently, the requirement to identify a permanently "lost remedy" is a pleading feature exclusive to backward-looking claims; it has no application to a forward-looking claim where the underlying litigation has not yet been finalized, and where the plaintiff alleges that the defendants' ongoing conduct has actively obstructed, blocked, or impaired their present ability to litigate.

The Reply's characterization conflates these distinct categories and introduces a new, incorrect standard not raised in the opening brief.

E. *Bracy*

The Reply also misstates the relevance of *Bracy v. Gramley*, 520 U.S. 899 (1997), by asserting that the decision is inapplicable because it arose in the habeas context. That characterization overlooks the aspect of *Bracy* that is routinely cited outside habeas: the Supreme Court's recognition that claims alleging a constitutionally biased or partial tribunal are cognizable under § 1983. In *Bracy*, the Court held that a litigant may pursue discovery to substantiate allegations that a judge's conduct was influenced by external, non-judicial factors, and the Court grounded that holding in general impartial-tribunal principles, not in habeas-specific doctrine.

The defense's attempt to isolate *Bracy* as a narrow "habeas-only" decision misapprehends

its structural constitutional foundation. The Seventh Circuit frequently looks to *Bracy* outside the post-conviction context to define the constitutional floor mandated by the Due Process Clause for any state tribunal. See *Hubanks v. Frank*, 392 F.3d 926 (7th Cir. 2004); *Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). Because a § 1983 action requires a plaintiff to demonstrate the violation of a federally protected right by a state actor, the core holding of *Bracy* – that a litigant is entitled to discovery to prove a tribunal was influenced by corrupt, non-judicial external factors – directly informs the plausibility and scope of an access-to-courts or due-process claim under § 1983. The procedural vehicle of the lawsuit does not dilute the constitutional right to an unbiased forum.

Plaintiff cites *Bracy* solely for that impartial-tribunal principle, which remains fully applicable in § 1983 litigation. The Reply's characterization therefore introduces a new and materially incomplete description of controlling authority not raised in the opening brief.

**II. The Reply introduces new arguments not raised in the opening brief.**

Aside from the case law distortions dispatched *supra*, the Reply raises several arguments for the first time, including:

a. Plaintiff's claims "necessarily" constitute a collateral attack because Plaintiff filed a vacatur motion in state court;

b. Plaintiff's removal arguments are "frivolous" based on new authorities not cited in the opening brief.

Starting with (a), the Reply argues – newly – that Plaintiff's federal claims hereunder "necessarily" constitute a collateral attack because Plaintiff filed a vacatur motion in state court challenging the February 4–6, 2026 trial and the February 11, 2026 judgment entered by Cook County Associate Judge Yu during a period of time when the case was pending in federal court before Judge Jeremy C. Daniel pursuant to federal removal. This argument was not raised in the opening brief and is therefore forfeited.

Substantively, the argument under (a) is also incorrect. A litigant's decision to file a vacatur motion in state court does not transform a federal § 1983 damages action into a collateral attack. The Seventh Circuit has repeatedly held that parallel or subsequent state-court filings do not convert a federal damages claim into a request for appellate review of a state judgment. See *Nesses*, 68 F.3d at 1005; *Kowalski v. Boliker*, 893 F.3d 987, 1002 (7th Cir. 2018). Plaintiff's vacatur motion merely sought to address the consequences of ultra vires state-court conduct during a period of federal divestiture; it does not alter the nature of the federal claims, which seek damages for constitutional violations committed outside the scope of state-court jurisdiction.

Turning to (b), the Reply also introduces – for the first time – the argument that Plaintiff's removal arguments are "frivolous," citing authorities not mentioned in the opening brief. This argument is likewise forfeited. See *United States v. Feinberg*, 89 F.3d 333 (7th Cir. 1996).

Even if considered, the argument under (b) fails. The Reply's new authorities do not address the dispositive chronology alleged in the FAC: (1) Plaintiff filed a notice of appeal before the clerk mailed the remand certification; (2) under *Griggs*, the notice of appeal immediately divested the district court of jurisdiction; (3) under 28 U.S.C. § 1446(d), the state court "shall proceed no further" until remand is perfected; and (4) the Seventh Circuit's mandate did not issue until April 20, 2026. The Reply's new citations do not engage with this chronology, do not address the divestiture rule, and do not undermine the FAC's allegation that the February 4–6, 2026 trial occurred during a period when federal law prohibited the state court from acting at all.

**III. The Reply introduces new factual assertions outside the pleadings.**

In addition to raising new legal arguments, the Reply introduces factual assertions that were not presented in the opening brief and are not contained in the pleadings. These assertions are improper on a Rule 12(b)(6) motion. A Rule 12(b)(6) motion is confined to the allegations of

the complaint, documents incorporated by reference, and matters subject to judicial notice; it does not permit a defendant to introduce new factual matter in a reply brief. See Rule 12(b)(6) standards; *United States v. Feinberg*, 89 F.3d 333 (7th Cir. 1996) (arguments and assertions raised for the first time in a reply brief are forfeited).

The Reply's new factual assertions include:

**a. assertions regarding Plaintiff's filings in unrelated state-court matters**

The Reply introduces new factual allegations concerning Plaintiff's filings in unrelated state-court proceedings. These allegations do not appear in the FAC, were not raised in the opening brief, and are irrelevant to the Rule 12(b)(6) inquiry. A defendant may not rely on extrinsic factual assertions to recast the nature of a federal claim or to suggest improper motive. See *Kowalski v. Boliker*, 893 F.3d 987, 1002 (7th Cir. 2018). These assertions are forfeited and cannot be considered.

**b. assertions regarding Plaintiff's conduct in other federal cases**

The Reply also introduces new factual assertions concerning Plaintiff's conduct in other federal matters. These assertions are outside the pleadings and cannot be considered on a Rule 12(b)(6) motion. The Seventh Circuit has repeatedly held that a defendant may not rely on allegations about a litigant's conduct in unrelated cases to defeat a complaint at the pleading stage. The defendants' attempt to short-circuit the pleading stage by importing disputed factual findings from unrelated proceedings is improper and violates the limits of judicial notice. The Seventh Circuit has made clear that judicial notice may be taken of the existence of other filings, but not of the truth of contested factual assertions or findings from other litigation. See *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997). These assertions are forfeited and irrelevant.

**c. assertions regarding alleged "strategic refusal" to participate in state trial**

The Reply newly asserts that Plaintiff "strategically refused" to participate in the February 4–6, 2026 trial conducted by Defendant Judge Yu. This allegation is not in the FAC, was not raised in the opening brief, and is improper on a Rule 12(b)(6) motion. More fundamentally, the allegation ignores the FAC's central jurisdictional allegation: that the February 4–6 trial occurred during a period when federal law prohibited the state court from acting at all. Whether Plaintiff participated in an *ultra vires* proceeding is irrelevant to whether the proceeding was void. See *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881). This new factual assertion is forfeited and cannot be considered.

**d. assertions regarding the "purpose" of removal**

The Reply also introduces new factual assertions concerning Plaintiff's alleged "purpose" in removing the case. Notwithstanding that Plaintiff is not the party who removed the proceedings to federal court on February 3, 2026, these assertions were not raised in the opening brief and are outside the pleadings. A defendant may not introduce new factual allegations to suggest improper purpose at the Rule 12(b)(6) stage, particularly where the FAC alleges a removal chronology governed by statute and Supreme Court precedent. See *Archdiocese of San Juan v. Feliciano*, 589 U.S. 57, 63–64 (2020). These assertions are forfeited and irrelevant to the legal question presented.

**IV. The Reply mischaracterizes the requested relief under the FAC.**

The Reply repeatedly asserts that Plaintiff seeks to "vacate" state-court orders. The FAC expressly states that Plaintiff seeks damages for completed constitutional torts, not vacatur. A § 1983 damages action does not operate as an appeal, review, or nullification of a state-court judgment. See § 1983 damages doctrine; *Kowalski v. Boliker*, 893 F.3d 987, 1002 (7th Cir. 2018)

(a federal damages claim is not a collateral attack merely because it concerns conduct that occurred in state court).

Plaintiff's state-court filings do not alter the nature of the federal claims pleaded here. A litigant may pursue state-court relief while simultaneously seeking federal damages for constitutional violations; the two forms of relief are analytically distinct. The FAC does not request vacatur, reversal, modification, or review of any state-court order. It alleges that Defendants committed constitutional torts during a period when federal law prohibited the state court from acting at all, and seeks damages for those completed violations.

Such mischaracterization was introduced for the first time in the Reply and is both forfeited and incorrect.

**WHEREIN**, the Reply raises new arguments, introduces new factual assertions, and materially misstates controlling authority, Plaintiff respectfully submits this Sur Reply to ensure a complete and accurate record.

**WHEREFORE**, Plaintiff KENTON GIRARD prays this Court deny the Motions to Dismiss brought by Defendants hereunder.

Dated: **August 20, 2026**

Respectfully Submitted,

/s/ Kenton Girard, *In Pro Se*
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: (773) 575-7035